Submitted on record and briefs March 27, affirmed May 30, 1978

STATE OF OREGON, *Respondent,*
*v.*
SHERMAN EDWARD JACKSON, *Appellant.*
(No. A7703-03690, CA 9061)

579 P2d 299

Phillip M. Margolin and Nash and Margolin, Portland, filed the brief for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Donald L. Paillette, Assistant

[ 587 ]

Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals a determination that he is a Habitual Traffic Offender as defined in ORS 484.700 et seq. The determination was based on a finding by the court that defendant had been convicted of 20 or more traffic offenses within a five-year period. He contends the court should have excluded those traffic offense convictions obtained when he was neither represented by counsel nor shown to have effectively waived his right to counsel.

Defendant relies on *Argersinger v. Hamlin,* 407 US 25, 92 S Ct 2006, 32 L Ed 2d 530 (1972); *Loper v. Beto,* 405 US 473, 92 S Ct 1014, 31 L Ed 2d 374 (1972); *Burgett v. Texas,* 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967); and *Gideon v. Wainright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733 (1963). He argues the Habitual Traffic Offender's Act enhances the punishment for traffic offenses and thus the state cannot use prior convictions when he was not represented by counsel. An analysis of these cases indicates the prosecution in a criminal case cannot use uncounseled convictions to support guilt or enhance punishment. This principle, however, has not been extended to civil proceedings.

In *Reinsch v. Quines,* 274 Or 97, 546 P2d 135 (1976), the Supreme Court, in a personal injury action, held that evidence of a prior uncounseled conviction for a traffic offense could be used for impeachment purposes. The rationale of the holding was that the rule respecting prior convictions did not apply in civil matters.

Proceedings under the Habitual Traffic Offender's Act are civil[1] and do not result in a finding of guilty or

---

[1] ORS 484.750 reads as follows:

"An appeal may be taken from any final action or order of a court entered under ORS 484.700 to 484.750 as provided in civil cases."

*See also Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 105, 570 P2d 52 (1977).

[ 589 ]

enhancement of penalty. The consequence of a finding that defendant is a habitual traffic offender is suspension of his vehicle operator's license, which reflects a legislative determination that the habitual offender should not continue to drive.

Affirmed.