Submitted on record and brief March 22, reversed and remanded May 30, 1978

STATE OF OREGON, *Appellant,*
*v.*
ROBERT PAUL WRIGHT, *Respondent.*
(No. 77-7-242 L, CA 9258)
579 P2d 266

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Kent B. Thurber, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is an appeal from an order of the circuit court dismissing the state's complaint which sought to have defendant judged an habitual traffic offender pursuant to ORS 484.700 et seq.

ORS 484.705(1) (a) (C) defines "habitual offender" as any person who, within a five-year period, has been convicted of three or more instances of driving a motor vehicle with a suspended license. ORS 484.730 provides in part:

> "* * * [I]f the court finds that the person before the court is the person named in the abstract and that the person is a habitual offender, the court shall so find and by appropriate order direct the person not to operate a motor vehicle on the highways of this state and to surrender to the court all licenses or permits to operate a motor vehicle on the highways of this state for disposal in accordance with ORS 482.470. The clerk of the court shall file with the division a copy of the order whereupon the division shall forthwith revoke the license of the person to operate motor vehicles."

After a hearing before the circuit court the court entered its order stating in part:

> "The Court finds that the defendant was convicted of DRIVING WHILE SUSPENDED on 2/12/73, 3/1/74 and 3/14/77. It is further found that an Habitual Offender Warning letter was sent to the defendant June 6, 1974 and received by him."

■ The judge, however, dismissed the complaint "in the best interest of justice." This was apparently based upon the fact that defendant had recently been granted a driver's license by the Motor Vehicles Division and had purchased liability insurance in order to prove financial responsibility. Absent authority, the trial judge lacked discretion to dismiss the complaint once all the elements required by ORS

[ 665 ]

484.730 had been shown. No such authority is known to this court.[1]

Reversed and remanded.

---

[1] ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

This statute applies only to criminal cases. A proceeding to declare a person an habitual traffic offender is a civil proceeding. *State v. Jackson,* 34 Or App 587, 579 P2d 266 (1978). ORS 135.755 does not apply.