David Glenn HOLEN, Petitioner
and Appellee,

v.

Walter R. HJELLE, State Highway
Department, Respondent and
Appellant.

Civ. No. 11252.

Supreme Court of North Dakota.

Nov. 18, 1986.

Bruce A. Schoenwald, of Eaton, Van de Streek & Ward, Minot, for petitioner and appellee.

Myron E. Bothun, Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for respondent and appellant.

VANDE WALLE, Justice.

The North Dakota Highway Commissioner appealed from a district court judgment reversing an administrative suspension of David Glenn Holen's driver's license. We reverse the district court judgment and reinstate the suspension.

On May 28, 1985, without benefit of counsel, Holen pleaded guilty in the municipal court of Fort Benton, Montana, to operating a motor vehicle while under the influence of alcohol. The record in that proceeding does not establish that Holen was advised of, and waived, the right to counsel. The Montana licensing authority subsequently suspended Holen's driving privileges in Montana, and a photostatic copy of that administrative action and the conviction were forwarded to the North Dakota Highway Commissioner.

Holen was notified that, because his driving record established that he had been convicted of driving a motor vehicle while under the influence of alcohol within the previous five years, the Commissioner intended to suspend his North Dakota driver's license for 385 days pursuant to the enhanced suspension provisions of Section 39-06.1-10, N.D.C.C. Holen requested and received an administrative hearing on the intended suspension. At the administrative hearing, photostatic copies of the Montana conviction, the Montana licensing authority's suspension of Montana driving privileges, and Holen's driving record were admitted over his objection. On December 2, 1985, the administrative hearing officer issued a decision suspending Holen's driver's license for 385 days.

Holen appealed to district court. The district court determined that the Montana conviction was not a "conviction" as defined in Section 39-06-30, N.D.C.C., and the hearing officer therefore could not rely upon the photostatic copy provisions of Section 39-06-27, N.D.C.C. The district court further determined that Section 39-06-32(7), N.D.C.C., applied because it dealt with license suspensions upon receipt of notice of actions against driving privileges in other States, and, contrary to the requirement of that section, the Commissioner had not produced certified copies of the records of the Montana licensing authority. The district court concluded that the evidence was insufficient to suspend Holen's driver's license and reversed the suspension.

The Commissioner contends that the district court erred in applying the definition of "conviction" in Section 39-06-30, N.D.C.C., to license suspensions under Section 39-06-27, N.D.C.C., because that definition emasculates the Commissioner's authority to suspend or revoke the license of a driver convicted of an offense outside North Dakota. We agree.

Section 39-06-30, N.D.C.C., provides:

"For purposes of this title the term 'conviction' means a *final order or judgment of conviction by the North Dakota supreme court or any lower court having jurisdiction provided that no appeal is pending and the time for filing a notice of appeal has elapsed.* Subject to the filing of an appeal, a conviction shall include those instances when:

"1. A sentence is imposed and suspended;

"2. Imposition of a sentence is suspended under chapter 12-53; or

"3. There is a forfeiture of bail or collateral deposited to secure a defendant's appearance in court and the forfeiture has not been vacated." (Emphasis added.)

Section 39-06-27, N.D.C.C., provides, in part:

"The commissioner may suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state *upon receiving notice of the conviction of*

*such person in another state* of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator.... *For the purposes of this section, photostatic copies of the records of the drivers licensing authority of the other state shall be sufficient evidence whether or not they are certified copies."* (Emphasis added.)

In construing these statutory provisions we are guided by several well-settled rules of statutory construction. The primary objective of statutory construction is to ascertain the legislative intent. E.g., *County of Stutsman v. State Historical Society of North Dakota,* 371 N.W.2d 321 (N.D.1985). All sections of a statute must be construed to have meaning because the law neither does nor requires idle acts. Section 31–11–05(23), N.D.C.C.; *County of Stutsman v. State Historical Society of North Dakota, supra.* If a general provision of a statute conflicts with a special provision in the same or other statute, the two should be construed, if possible, to give effect to both and statutes relating to the same general subject matter, or in pari materia, should be given meaning without rendering one or the other useless. *Puklich & Swift, P.C. v. State Tax Comm'r,* 359 N.W.2d 846 (N.D.1984). A statute must be construed to avoid ludicrous or absurd results. E.g., *County of Stutsman v. State Historical Society of North Dakota, supra.* If adherence to the strict letter of the statute would lead to an absurd or ludicrous result, the court may resort to extrinsic aids to interpret that statute. *Morton County v. Henke,* 308 N.W.2d 372 (N.D.1981).

▪ In Section 39–06–30, N.D.C.C., the Legislature defined conviction for purposes of Title 39 as "a final order or judgment of conviction by the North Dakota supreme court or any lower court having jurisdiction provided that no appeal is pending and the time for filing a notice of appeal has elapsed." However, Section 39–06–27, N.D.C.C., specifically refers to "receiving notice of the conviction of such person in another state." If the literal definition of conviction in Section 39–06–30, N.D.C.C., is applied to Section 39–06–27, N.D.C.C., Section 39–06–27, N.D.C.C., and other provisions relating to license suspensions or revocations for out-of-State convictions would be rendered meaningless, creating an absurd and ludicrous result. Consequently, we may look to extrinsic aids to ascertain the Legislature's intent.

Section 1–02–39, N.D.C.C., sets forth those extrinsic aids:

"If a statute is ambiguous, the court, in determining the intention of the legislation, may consider among other matters:

"1. The object sought to be attained.

"2. The circumstances under which the statute was enacted.

"3. The legislative history.

"4. The common law or former statutory provisions, including laws upon the same or similar subjects.

"5. The consequences of a particular construction.

"6. The administrative construction of the statute.

"7. The preamble."

Section 39–06–30, N.D.C.C., was amended by H.B. 1180 in 1981. 1981 N.D.Sess. Laws, ch. 386, § 1. As originally introduced H.B. 1180 [1] defined a "conviction" as

1. H.B. 1180, as introduced, provided:

"39–06–30. CONVICTION—MEANING AND EFFECT. For purposes of this title the term 'conviction' means a final order or judgment of conviction by a trial court having jurisdiction. ~~Also, for the purposes of this chapter a~~ , whether or not an appeal is taken from the decision of the trial court. A conviction is finally ordered or adjudged when the trial court makes a finding of guilt, whether or not sentence is imposed and suspended or imposition of sentence is suspended under chapter 12–53. A forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

\* \* \* \* \* \*

"39–07–11. MAGISTRATE TO KEEP RECORD OF CONVICTIONS OF TRAFFIC VIOLATIONS—RECORDS OF CONVICTION TO BE FORWARDED TO LICENSING AUTHORITY. Every magistrate in this state, as defined in section 29–01–14, shall keep a full record of

a final order or judgment of conviction by a trial court regardless of whether or not an appeal was taken. However, H.B. 1180 was subsequently amended by the House Judiciary Committee to its current language. The legislative history reflects that those amendments were made to require reports of convictions to be made to the licensing authority after a decision by this court or the time for appeal had run rather than after a "final" order or judgment of conviction by a trial court. See February 4, 1981, Minutes of Judiciary Committee of House regarding House Bill 1180. Nothing in the legislative history suggests that, by defining conviction as it did, the Legislature intended to eliminate the use of convictions in sister States for North Dakota license suspensions or revocations. Rather, the purpose of the amendments was to deal with the timing of reports of convictions by North Dakota Courts to the licensing authority.

■ With that objective and legislative history in mind, we believe the proper interpretation of "conviction" for purposes of Section 39–06–27, N.D.C.C., is a final order or judgment of conviction by the Supreme Court of a sister State or any lower court of that State having jurisdiction, provided that no appeal is pending and the time for filing a notice of appeal has elapsed. That construction preserves the legislative intent regarding license suspensions or revocations resulting from convictions in sister States and gives meaning to both statutes.

■ The Commissioner further contends that a photostatic copy of the Montana conviction was sufficient evidence to suspend Holen's license because the suspension was predicated upon a conviction in another State pursuant to Section 39–06–27, N.D.C.C., rather than an administrative decision in another State pursuant to Section 39–06–32(7), N.D.C.C. We agree.

Section 39–06–32(7), N.D.C.C., provides:

"The commissioner may suspend the license of an operator, after hearing, upon proof by a fair preponderance of the evidence, that any of the following apply to the licensee:

\* \* \* \* \* \*

"7. An *administrative decision* in another state that the licensee's privilege to drive in that state is suspended or revoked because of a violation of that state's law forbidding motor vehicle operation with a blood alcohol concentration of at least ten one-hundredths of one percent by weight. The specific requirements for establishing the violation in the other state may not be considered and *certified copies of the records of the other state's drivers licensing authority are sufficient evidence of the violation.* The suspension must be for the same duration as the suspension in section 39–20–04.1." (Emphasis added.)

By its own terms Section 39–06–27, N.D.C.C., deals with "convictions ... in another state" and Section 39–06–32(7), N.D.C.C., deals with "administrative decision[s] in another state." We believe that those two statutory provisions are compatible because one is concerned with convictions in other States and the other is concerned with administrative decisions in other States. In the instant case the suspension was based upon a "conviction ... in anoth-

every case brought before him in which a person is charged with a violation of section 12.1–16–03 or of any provision of chapters 39–05 through 39–13, and chapters 39–21 and 39–24, or with a violation of a municipal ordinance which is equivalent to any of the provisions of the foregoing statutes. Within ten days after a determination, in any manner provided by law, that a person charged has committed one of the foregoing offenses or violations, the magistrate shall forward a certification of that fact to the licensing authority. The reports required to be filed by this section and by sections 39–06–29 and 39–08–17 shall be filed with the licensing authority whether or not an appeal is taken from the decision of the trial court and whether or not sentence is imposed and suspended or imposition of sentence is suspended upon a finding of guilt pursuant to chapter 12–53. The licensing authority may take any action authorized by law to be taken based upon those reports regardless of the appeal or the suspension of sentence or suspension or imposition of sentence." [Deleted language struck, new language underscored.]

er state," and, pursuant to Section 39–06–27, N.D.C.C., the photostatic copy was sufficient evidence of that conviction.[2]

Nevertheless, Holen contends that the district court was correct in reversing the Commissioner's decision because the administrative hearing denied him due process. Holen asserts that he was not represented by counsel in the Montana proceeding and that the record does not include a valid waiver of counsel. He asserts that, pursuant to *State v. Orr*, 375 N.W.2d 171 (N.D.1985), an uncounseled conviction cannot be used to enhance the penalty imposed against him.

In *Kobilansky v. Liffrig*, 358 N.W.2d 781 (N.D.1984), we recognized that the minimal due process before an administrative agency was not synonymous with the minimal requirements of due process in a court of law, but that due process in an administrative hearing requires procedural fairness. See also, *Berger v. State Highway Commissioner*, 394 N.W.2d 678 (N.D.1986). In *Kobilansky v. Liffrig, supra*, 358 N.W.2d at 787, we quoted the necessary factors from *Mackey v. Montrym*, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), for determining what process is due in an administrative agency context:

> " ' "[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." ' " [quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976) ]

Holen asserts that the second factor in the *Mackey* paradigm, the likelihood of the erroneous deprivation of the private interests involved as a consequence of the procedures used, weighs in his favor because this "inquiry necessitates an assessment of the relative reliability of the Commissioner's administrative hearing procedures and the alternative procedure sought." *Kobilansky, supra*, 358 N.W.2d at 787.

In *State v. Orr, supra*, 375 N.W.2d 178–179, we noted that uncounseled convictions are viewed with "skepticism" and are "unreliable," and we held that absent a valid waiver of counsel the resulting uncounseled conviction could not be used to enhance a term of imprisonment for a subsequent offense. The practical consequence of the decision in *Orr, supra*, is that, regardless of the penalty to be imposed, a court must obtain a valid waiver of counsel on the record, afford a nonindigent defendant the opportunity to retain counsel, or appoint counsel for a nonindigent defendant if that conviction is to be used as a basis for enhancing the penalty for a subsequent conviction.

■ However, *Orr, supra*, was a criminal conviction involving enhanced imprisonment rather than a civil proceeding involving the suspension of a driver's license for a longer period of time. License suspension proceedings are an exercise of the police power for the protection of the public and not for punishment [*State v. Brude*, 222 N.W.2d 296 (N.D.1974) ], and, generally, the wide range of constitutional protections afforded in a criminal proceeding are not applicable to those civil proceedings. See *Pladson v. Hjelle*, 368 N.W.2d 508 (N.D.1985); *Asbridge v. North Dakota State Highway Comm'r*, 291 N.W.2d 739 (N.D.1980). Although the loss of a license for one year is a serious sanction [see *Kobilansky v. Liffrig, supra* ], that sanction is regulatory rather than punitive and does not support the characterization of the proceeding as criminal.

■ The instant case is not a criminal action involving enhanced imprisonment, and we decline to extend the rationale of

2. No issue has been raised concerning whether or not the person whose license was suspended in North Dakota was the same person convicted in Montana, or that there had been no conviction in Montana.

*Orr, supra,* to this civil license suspension proceeding. Our conclusion is in accord with that reached in other jurisdictions. See *Application of Hathcock,* 9 Ariz.App. 178, 450 P.2d 419 (1969); *Lancaster v. Dep't of Justice, Division of Motor Vehicles,* 706 P.2d 126 (Mont.1985); *State v. Jackson,* 34 Or.App. 587, 579 P.2d 299 (1978). We conclude that the use of the Montana conviction as a basis for increasing the length of a license suspension did not violate Holen's due process rights.

The district court judgment is reversed and the decision of the hearing officer is reinstated.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.