**Donald L. LANGER, Petitioner and Appellee,**

v.

**NORTH DAKOTA STATE HIGHWAY COMMISSIONER, Respondent and Appellant.**

**Civ. No. 870025.**

Supreme Court of North Dakota.

July 28, 1987.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for petitioner and appellee; argued by Thomas E. Merrick.

Myron E. Bothun, Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for respondent and appellant.

GIERKE, Justice.

The North Dakota State Highway Commissioner appeals from a district court judgment reversing an administrative suspension of Donald L. Langer's driving privileges. We affirm.

After a September 8, 1986, hearing, the Commissioner suspended Langer's driving privileges for 364 days because of a 1984 DUI conviction in South Dakota. The suspension was based upon a document asserted to be a notice of conviction in South Dakota.

The dispositive issue on appeal is whether or not the document relied upon to suspend Langer's driving privileges constitutes notice of a conviction for purposes of §§ 39–06–27 and 39–06–30, N.D.C.C. We conclude that it does not and affirm the district court judgment.

Section 39–06–27, N.D.C.C., provides in pertinent part:

"The commissioner may suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon

receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator."

Section 39–06–30, N.D.C.C., provides in relevant part:

"For purposes of this title the term 'conviction' means a final order or judgment of conviction by the North Dakota supreme court or any lower court having jurisdiction provided that no appeal is pending and the time for filing a notice of appeal has elapsed."

With regard to convictions in other states, we recently held in *Holen v. Hjelle,* 396 N.W.2d 290, 293 (N.D.1986), that:

"... the proper interpretation of 'conviction' for purposes of Section 39–06–27, N.D.C.C., is a final order or judgment of conviction by the Supreme Court of a sister State or any lower court of that State having jurisdiction, provided that no appeal is pending and the time for filing a notice of appeal has elapsed."

The document relied upon by the Commissioner does not indicate in any way that it is a "final order or judgment of conviction" of an offense by any court in South Dakota or that it is a notice of such. We conclude that it does not support suspension of Langer's driving privileges.

We noted in *Kobilansky v. Liffrig,* 358 N.W.2d 781, 787 (N.D.1984), that "[t]he loss of driving privileges is not insubstantial and may entail economic hardship and personal inconvenience." Because of the hardship and inconvenience that may be caused by the loss of one's driving privileges, we believe that there must be stricter compliance with the statutory requirement of a "conviction" in another state than was exhibited in this case to support suspension of driving privileges.

The Commissioner's reliance upon *Hickey v. Commissioner of Motor Vehicles,* 170 Conn. 136, 365 A.2d 403 (1976), is misplaced. In affirming a license suspension for an out-of-state traffic offense, the court in *Hickey, supra,* 365 A.2d at 406, said:

"In this case a photostatic copy reproduced the original abstract, which bore the name and address of the plaintiff, the nature of the offense, the judgment rendered, the suspension of the right to operate in Maine, and certification by the clerk as a true abstract of the Maine District Court. The copy of the notice of suspension showed the record of conviction upon appeal and was signed by the secretary of the state. Thus, the photostatic copies provided adequate notice of the conviction of the plaintiff for the offense of operating a motor vehicle while under the influence of intoxicating liquor."

Most of the items noted by the Connecticut Supreme Court in *Hickey, supra,* are not present in this case. The unsigned document asserted to be a notice of conviction in South Dakota and relied upon by the Commissioner in suspending Langer's driving privileges does not bear any indication of a judgment having been rendered, a suspension, or a certification.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.