**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Wayne Blair MEDEARIS, Defendant and Appellant.**

**Cr. No. 374.**

Supreme Court of North Dakota.

Feb. 25, 1969.

Lester J. Schirado, State's Attorney, Mandan, for plaintiff-respondent.

Floyd B. Sperry, Bismarck, for defendant-appellant.

TEIGEN, Chief Justice.

The defendant has appealed from a judgment and sentence entered on a plea

of guilty to the crime of driving a motor vehicle while under the influence of intoxicating liquor, and a subsequent order denying his application to withdraw the plea of guilty. These proceedings were had in the county court with increased jurisdiction of Morton County. This appeal comes to us upon the judgment roll without a settled statement of the case.

The sole record on the conviction consists of a uniform traffic complaint and summons, the court's docket, and the judgment and sentence. The sole record on the subsequent proceedings consists of the defendant's application to withdraw his plea of guilty and for a new trial, the court's order denying the same, and a docket entry.

From the record before us, it appears that on September 23, 1968, the defendant voluntarily appeared before the court, without an attorney, in response to a uniform traffic complaint and summons issued on September 14, 1968; upon arraignment he entered a plea of guilty to the crime charged in the uniform traffic complaint and summons, denominated as "drove while under the influence of alcohol. All in violation of Section 39–08–01 of the N.D. Century Code, as amended * * *" He was sentenced to pay a fine in the amount of $100.

On September 27, 1968, the defendant executed an application to withdraw his plea of guilty and asked for a new trial. This application apparently came on for hearing on October 3, 1968, at which time the defendant appeared in person with an attorney. The application was resisted by the State's Attorney of Morton County. On the same day the judge denied the application and entered a written order of denial.

The defendant, in his formal application to withdraw the plea of guilty, sets forth two reasons in support of the application. The first is that he did not have the advice of counsel before entering a plea of guilty; and, secondly, that at the time of entering

the plea the defendant did not understand that his driver's license would be suspended. According to the court docket, the defendant orally moved for a withdrawal of his plea of guilty upon the additional ground of insufficiency of the complaint. According to the docket entry, this ground was also denied.

Apparently no evidence was submitted in support of or in resistance to the defendant's application and, in reviewing the judgment and order appealed from, we are restricted to the judgment roll.

The defendant, in his arguments and brief, has set forth three issues. They are as follows:

"1. Was the complaint sufficient?

"2. Did the defendant timely raise the issue as to the sufficiency of the complaint?

"3. Did the court err in refusing to grant the defendant's application for the withdrawal of his plea of guilty, and for a new trial?"

The defendant contends that the complaint was not sufficient for the reason that the complainant's signature was not sworn to; that it does not state the name of the county in which the offense was alleged to have been committed; and that it does not properly name the charge.

The complaint used in this action is one provided for by Section 29–05–31, N.D.C.C. This section sets forth the form of a uniform traffic complaint and summons. The form of complaint set forth in this statute provides space for the complainant's signature to be subscribed and sworn to. The complainant's signature appears upon the complaint but the complaint does not carry the signature of an officer entitled to administer the oath. However, the court's docket states that "complainant made and filed in this Court, his sworn complaint * * *" The correctness of the docket entry is not challenged by the defendant. We must assume, therefore,

that the county judge swore the complainant but failed to evidence this fact by affixing his signature to the complaint. The docket entry, we find, is sufficient proof that the complaint was sworn to by the complainant.

 The second contention that the complaint does not show where the offense was alleged to have been committed we also find is without merit. The complaint states that the alleged crime occurred on a public highway, Old 10 ¼ N.W. of New Salem. We take judicial notice of the fact that New Salem is a town located within Morton County, North Dakota. We find that the complaint does, with sufficient clarity, advise the defendant that the crime alleged occurred in Morton County, North Dakota.

 The form of complaint used in this instance is one authorized by Section 29-05-31, N.D.C.C. This statute provides that when the complaint set forth therein is used, the State's Attorney shall not be required to make another complaint of the offense charged. For this reason Section 29-05-01, N.D.C.C., which defines a criminal complaint, does not govern. In State v. Buehler, N.D., 125 N.W.2d 155, we held that Article I, Section 8, of our Constitution requires that every criminal prosecution for a misdemeanor must be by indictment or information. We also held in that case that the criminal complaint was the equivalent of an information, as contemplated by our Constitution. We concluded that the complaint was in essence an information which fulfilled the constitutional requirement and was the means by which the county court with increased jurisdiction in that case obtained jurisdiction. We feel that case governs this one.

 Section 29-01-13, Subsection 4, N.D.C.C., defines an information as " * * * an accusation in writing, in form and substance like an indictment for the same offense * * *." An indictment is defined in Subsection 2 of the same section as "* * * an accusation in writing

presented by a grand jury * * *." In Section 29-11-17, N.D.C.C., dealing with informations and indictments, it is stated that "an indictment or information need contain no allegation of the place of the commission of the offense, unless such allegation is necessary to charge the offense under Section 29-11-10. The allegation that the defendant committed the offense in all cases shall be considered an allegation that the offense was committed within the territorial jurisdiction of the court. * * *" We find no requirement in the statutes that the name of the county must be alleged. We believe that to describe the geographical location of the alleged crime more specifically than to name the county does not constitute error, and especially when, as here, the territorial jurisdiction of the court is not disputed.

The defendant also argues that the complaint does not properly name the charge. The charge is stated in the complaint as follows: "Drove while under the influence of alcohol. All in violation of Section 39-08-01 of the N.D. Century Code, as amended * * *" The statute cited in the complaint provides that "no person shall drive * * * any vehicle upon a highway in this state if:

"a. * * *

"b. He is under the influence of intoxicating liquor."

 The word "drove" is the past tense of the word "drive" and "intoxicating liquor" is any liquor intended for use as a beverage which contains alcohol in such proportion that one who drinks it may come under its influence. We believe that being under the influence of alcohol is synonymous with being under the influence of an intoxicating liquor. Section 29-11-10, N.D.C.C., in part, provides that an information may refer to a section or subsection of any statute creating the offense charged therein and in determining the validity or sufficiency of such information, regard shall be had to such reference. When the facts, act, and circumstances are set forth

with sufficient certainty, it is not a fatal defect that the information or the complaint gives an erroneous name to the charge. We have so held pertaining to indictments. State v. Marcks, 3 N.D. 532, 58 N.W. 25; State v. Bendickson, 62 N.D. 201, 242 N.W. 693.

■ We find that the complaint informed the defendant with reasonable certainty of the charge made against him and is sufficient.

■ In considering the sufficiency of a criminal pleading, technicalities have been abolished and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. State v. Simpson, 78 N.D. 571, 50 N.W.2d 661; State v. Hefta, N.D., 88 N.W.2d 626; State v. Feist, N.D., 93 N.W.2d 646; State v. Henderson, N.D., 156 N.W.2d 700.

Lastly, the defendant argues that Section 33–12–34, N.D.C.C., governs but states that if the court finds that Section 29–14–22, N.D.C.C., governs, the trial court abused its discretion in refusing to withdraw defendant's plea of guilty. These two sections are found in different parts of our criminal code. The first section referred to is a part of the justice court code on criminal procedure and the second section referred to is found under the title *Judicial Procedure, Criminal—Motions and Pleas.*

Section 33–12–34 of the 1957 Supplement to the N.D.R.C. of 1943 provided as follows:

"An appeal may be taken from a judgment of a justice of the peace or a police magistrate sitting as a justice of the peace, to the district court by the state in a criminal action, upon any question of law, and by the defendant upon both questions of law and fact, at any time within thirty days after the entry of judgment, by giving a notice of the appeal, and by the defendant giving bail for his appearance in district court as prescribed in this chapter. *Any defend-ant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted.*" [Emphasis added.]

By the adoption of the N.D. Century Code in 1961, Section 32–12–34 was modified to substitute the words "county justice" for "justice of the peace."

Section 29–14–22, N.D.C.C., provides:

"The court, at any time before judgment, upon a plea of guilty, may permit it to be withdrawn. If judgment has been entered thereon, the court may set it aside, and, in lieu thereof, may allow a plea of not guilty, or, with the consent of the state's attorney, may allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged."

The defendant argues that Section 33–12–34, supra, is applicable to the county courts with increased jurisdiction. He premises his argument on a 1959 amendment to Section 27–08–20, N.D.R.C. of 1943. This section was amended by Chapter 268 of the Session Laws of 1959. Chapter 268 abolished the office of the justice of the peace and conferred the jurisdiction of such office elsewhere. The Act created the office of county justice to replace the office of the justice of the peace, and provided its jurisdiction. It empowered the county commissioners of each county to create the office of county justice by resolution. In order to eliminate the necessity for creating the office of county justice in counties which had a county court with increased jurisdiction, the Act provides that the jurisdiction and powers formerly vested in the justice of the peace are conferred concurrently upon the county court. This was accomplished by amending the said Section 27–08–20 of the N.D.R.C. of 1943, which provided as follows:

"A county court of any county of this state which, by an election, has been giv-

en increased jurisdiction, in addition to its prior jurisdiction, shall have concurrent jurisdiction with the district court in all civil actions where the amount in controversy does not exceed one thousand dollars and in all criminal actions below the grade of felony."

The 1959 amendment added one sentence to the end of the above section, as follows:

"The jurisdiction and powers formerly vested in the justices of the peace are hereby conferred concurrently upon such county court."

Other applicable statutes are Section 27–08–23, N.D.C.C., which provides that the county judge of a county court having increased jurisdiction shall possess the same power and authority which a judge of the district court possesses in a similar action or proceeding instituted before him in like manner, and Section 27–08–24, N. D.C.C., which provides that the provisions of law and rules of practice and procedure applicable to the district courts in civil and criminal actions shall apply to the county courts with increased jurisdiction, with certain exceptions not applicable here.

■ Appeals from the justice of the peace were taken to the district court, as are appeals now taken from the county justice. Appeals from a county court with increased jurisdiction are taken to the Supreme Court. The defendant argues that the amendment vesting the county courts with the jurisdiction and powers formerly vested in the justice of the peace carries with it the mandate contained in Section 33–12–34, *supra.* We do not agree. Prior to the enactment of Chapter 268 of the Session Laws of 1959, the procedure in the county court with increased jurisdiction in plea withdrawal applications was governed by Section 29–14–22, *supra.* The 1959 Amendment does not purport to limit or further restrict the powers of the county court with increased jurisdiction, but to expand upon them. For this reason, it is

our opinion that Section 29–14–22, *supra,* still governs the procedure in the county court with increased jurisdiction when application is made to withdraw a plea of guilty, and that therefore the court is not governed by the rights of a defendant, as provided by Section 33–12–34, *supra.* We hold the county court has discretion, where application is made, to permit a plea of guilty to be withdrawn.

Did the court abuse its discretion in denying the defendant's application? The defendant's written application was grounded upon two claims: (1) That he was unfamiliar with criminal procedures and did not have the advice of counsel; (2) That the defendant did not understand that upon entering a plea of guilty his driver's license would be suspended. A third claim (given orally in open court) was the claimed insufficiency of the complaint. This claim we have disposed of above.

■ The first ground that the defendant was unfamiliar with criminal procedures and did not have the advice of counsel cannot be sustained on the record before us. He did not testify at the proceedings and the only record we have to review on this question is the docket. According to the docket, it is stated: "The court then read the complaint to the defendant and informed him of the nature of the charge against him. The court then informed the defendant that he had a right to appear and defend in person and with counsel at every stage of the proceedings; to meet the witnesses against him face to face; to have the process of the court to compel the attendance of witnesses in his behalf; to a speedy and public trial by an impartial jury of the county; to a reasonable time to prepare for trial; and the right to a change of venue." It also appears the defendant, a male person, was fifty-two years of age and employed as a driver of a grain transport, both within and without the State of North Dakota. On the basis of this limit-

ed record we cannot say that the court abused its discretion in denying defendant's application on the first ground.

The defendant alleges as a second ground that he did not understand that upon entering a plea of guilty his driver's license would be suspended. No evidence was submitted in proof. The defendant, in his brief, states his driver's license has been suspended for a period of thirty days.

Section 39–06–31, N.D.C.C., requires a mandatory revocation of a driver's license upon final conviction of the offense of driving a motor vehicle while under the influence of intoxicating liquor. The defendant does not complain he was not advised of the consequences of this statute before entering his plea of guilty. If the defendant's driver's license was suspended for thirty days, as he alleges, action must have been taken by the commissioner under the provisions of Section 39–06–32, N.D.C. C., which provides that a driver's license may be suspended by the commissioner upon a showing by the commissioner's records, or other sufficient evidence, that the licensee has committed an offense for which mandatory revocation is required upon conviction. A suspension of a driver's license upon conviction need not be presumed when under the statutes a revocation is mandatory. It is not claimed that the defendant was not advised that, as a consequence of a conviction, the law requires a revocation of his driver's license and we cannot assume that he was not so advised, in the absence of proof.

For the reasons aforesaid, we are of the opinion that the county court with increased jurisdiction did not abuse its discretion in denying the defendant's application to withdraw his plea of guilty.

The judgment of conviction and the order denying defendant's application to withdraw his plea of guilty are affirmed.

STRUTZ, KNUDSON, PAULSON and ERICKSTAD, JJ., concur.