**STATE of North Dakota, Plaintiff-Appellant,**

v.

**James P. FLOHR, Sr., d/b/a Cap's Liquor, Defendant-Appellee.**

**Cr. No. 605.**

Supreme Court of North Dakota.

Oct. 26, 1977.

Donald L. Jorgensen, Asst. State's Atty., Dickinson, for appellant.

L. E. Greenwood, Dickinson, for appellee.

PAULSON, Judge.

This appeal was brought by the State of North Dakota from the judgment of the Stark County Court of Increased Jurisdiction, entered on April 5, 1977, in which the court dismissed, upon the merits, the charges against the defendant, James P. Flohr, Sr. [hereinafter referred to as Flohr], and ordered that Flohr be discharged. Flohr has filed a motion to dismiss the State's appeal, pursuant to Rule 27 of the North Dakota Rules of Appellate Procedure, on the ground that the judgment of the trial court constitutes an acquittal of Flohr and cannot be appealed by the State. Flohr has also made a motion for double costs, including reasonable attorney's fees, pursuant to Rule 38, N.D.R.App.P., on the ground that the State's appeal is frivolous.

On February 15, 1977, the State filed a criminal complaint against Flohr charging him with furnishing or delivering intoxicating beverages to a minor in violation of § 5-02-06 of the North Dakota Century Code. A trial was held on April 5, 1977, before the court as trier-of-fact, without a jury, during which trial both the State and Flohr presented evidence. At the conclusion of the trial, the court made the following statements:

"I would say, given his appearance and the testimony we have here today, that

there's some reasonable doubt as to the guilt of the Defendant in this action. For that reason, I dismiss the charge as brought, and find the Defendant not guilty."

That same day, on April 5, 1977, the trial court entered the judgment in which the court ordered the action be dismissed upon the merits and Flohr be discharged.

The State, on appeal, raises the issue whether the trial court abused its discretion by finding that the State failed to prove Flohr's guilt beyond a reasonable doubt. We shall first consider Flohr's motion to dismiss the State's appeal.

## MOTION TO DISMISS

Flohr requests this court to dismiss the State's appeal on the ground that the trial court's judgment constitutes an acquittal and therefore cannot be appealed by the State. The State contends that the judgment of the trial court constitutes a dismissal of the complaint and is therefore appealable under subsection 1 of § 29–28–07, N.D.C.C.

In a criminal action, the State has only such right of appeal as is expressly conferred by statute. *State v. Howe,* 247 N.W.2d 647 (N.D.1976); *State v. Allesi,* 211 N.W.2d 733 (N.D.1973); *State v. Bauer,* 153 N.W.2d 895 (N.D.1967). Section 29–28–07, N.D.C.C., provides when the State can appeal in a criminal case:[1]

> *"From what the state may appeal.*—An appeal may be taken by the state from:
>   1. An order quashing an information or indictment or any count thereof;
>   2. An order granting a new trial;
>   3. An order arresting judgment; or
>   4. An order made after judgment affecting any substantial right of the state.
>   5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission,

when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the property ordered to be returned or suppressed or of a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed. The statement shall be filed with the clerk of district court and a copy thereof shall accompany the notice of appeal."

This court has held that an order dismissing a criminal complaint or dismissing an information has the same effect as an order quashing an information for the purposes of appealability, and can therefore be appealed by the State pursuant to subsection 1 of § 29–28–07, N.D.C.C. *State v. Hanson,* 252 N.W.2d 872 (N.D.1977); *State v. Jelliff,* 251 N.W.2d 1 (N.D.1977); *State v. Howe,* 247 N.W.2d 647 (N.D.1976); *State v. Allesi,* 211 N.W.2d 733 (N.D.1973).

The question of what constitutes an "acquittal" is not to be controlled by the form of a judge's ruling. *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). Rather, one must look at the substance of the judge's ruling, whatever its label, and determine whether it actually represents a resolution of some or all of the factual elements of the offense charged. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). At the conclusion of the trial the court plainly stated that, upon the testimony adduced at trial, there was reasonable doubt as to the guilt of Flohr and for that reason the court found Flohr not guilty. Furthermore, the trial court stated in the judgment, which it properly labeled as "Judgment of Acquittal", that the evidence having been submitted and the court having rendered its verdict thereon,

---

1. Note that § 29–28–35, N.D.C.C., sets forth the relief which this court can provide when an appeal is taken by the State. However, this section does not provide any additional ground upon which the State can appeal in a criminal case, and this section is therefore not applicable unless the State brings a valid appeal authorized by § 29–28–07, N.D.C.C.

the action is ordered dismissed upon the merits and the defendant is discharged.

We conclude that the judgment constitutes an acquittal of Flohr in form as well as in substance. Under the law of North Dakota, the State has no right to appeal from an acquittal of the defendant in a criminal case. Accordingly, we hold that the judgment of the trial court constitutes an acquittal of Flohr and that the State has no right of appeal from said acquittal.

## MOTION FOR COSTS

Flohr also requests this court to award him double costs and reasonable attorney's fees, pursuant to Rule 38, N.D.R. App.P., on the ground that the State's appeal is frivolous. The trial judge stated, at the close of the trial, that he was *dismissing* the charge against Flohr. This court has previously held that an order of the trial court dismissing a complaint can be appealed by the State. *State v. Jelliff,* 251 N.W.2d 1 (N.D.1977). For these reasons, we conclude that the State's appeal was brought in good faith and is not frivolous so as to justify an award of costs or attorney's fees pursuant to Rule 38, N.D.R.App.P. *See Blue Arm v. Volk,* 254 N.W.2d 427 (N.D.1977); *Danks v. Holland,* 246 N.W.2d 86 (N.D.1976).

For the reasons stated in the opinion, the motion to dismiss the appeal is granted and the motion for costs and attorney's fees is denied.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.