**CITY OF MINOT, North Dakota, Plaintiff and Appellee,**

v.

**Gary D. BJELLAND, Defendant and Appellant.**

Cr. No. 890024.

Supreme Court of North Dakota.

March 1, 1990.

Mark Ashley Flagstad (argued), Asst. State's Atty., Minot, for plaintiff and appellee.

Schoppert Law Firm, Minot, for defendant and appellant; argued by Thomas K. Schoppert.

GIERKE, Justice.

Gary Bjelland appeals from a judgment of conviction entered upon a jury verdict finding him guilty of driving while under the influence of intoxicating liquor. We affirm.

Bjelland's vehicle was stopped and he was arrested for driving under the influence. The arresting officer, in accordance with Section 29–05–31, N.D.C.C., issued a uniform traffic complaint and summons which listed the charged offense as:

"Drove under the Influence of an Intoxicating Beverage with a BAC at or greater than .10% in violation of N.D.C.C."

The uniform traffic summons and complaint also indicated that Bjelland was charged pursuant to Section 39–08–01, N.D.C.C., and Section 20–6(a)(18) of the Minot City Ordinances, which incorporates Section 39–08–01(1) and (2).

Bjelland was convicted in municipal court and appealed to county court. The City moved to amend the complaint in county court by striking the language referring to blood alcohol concentration. The motion was denied. The case proceeded to trial and the jury found Bjelland guilty of driving while under the influence.

Bjelland asserts on appeal that he was convicted of an offense other than the one with which he was charged. Specifically, he asserts that the complaint[1] charged him with a violation of Section 39–08–01(1)(a), N.D.C.C., the so-called "per se" statute, but that he was convicted under Section 39–08–01(1)(b), N.D.C.C., the "general" driving under the influence statute. Section 39–08–01 provides, in pertinent part:

"*39–08–01. Persons under the influence of intoxicating liquor or any other drugs or substances not to operate vehicle—Penalty.*

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

"a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.

"b. That person is under the influence of intoxicating liquor."

Bjelland asserts that the language of the complaint charges only the "per se" violation of Section 39–08–01(1)(a), and that he therefore could not be convicted because the City presented no evidence of his blood alcohol concentration. In support of this argument, Bjelland relies upon his assertion that the complaint tracks the language of Section 39–08–01(1)(a). While it may be true that the *last* phrase of the charging language tracks subsection (1)(a), Bjelland ignores the fact that the *first* phrase of the complaint tracks the language of subsection (1)(b). It is not necessary to allege that the person drove while under the influence of intoxicating liquor to sustain a con-

[1] The uniform traffic complaint and summons is, in accordance with our statutes and rules, the only charging instrument in this case. *See* Section 29–05–31, N.D.C.C.; Rules 3 and 7, N.D.R.Crim.P.

viction of the "per se" offense. The crime created by subsection (1)(a) is driving with a blood alcohol concentration of .10, without regard to its influence or effect upon the driver. Conversely, the crime created by subsection (1)(b) is driving while under the influence of intoxicating liquor, regardless of the driver's blood alcohol concentration. Violations of subsections (1)(a) and (1)(b) of Section 39–08–01 may be pleaded alternatively. *See State v. Whitney,* 377 N.W.2d 132, 133 (N.D.1985); *State v. Kimball,* 361 N.W.2d 601, 603 (N.D.1985).

 In order to sufficiently charge an offense, a complaint must contain a plain, concise, and definite written statement of the essential elements of the offense. *See State v. Hersch,* 445 N.W.2d 626, 629 (N.D. 1989); Rule 7(c), N.D.R.Crim.P. In considering the sufficiency of a criminal pleading, technicalities have been abolished and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. *State v. Jelliff,* 251 N.W.2d 1, 6 (N.D.1977); *State v. Medearis,* 165 N.W.2d 688, 693 (N.D.1969). Bjelland does not assert that the complaint fails to plead essential elements of the general driving under the influence offense. The complaint contains a plain, concise, and definite written statement of the essential elements of driving under the influence, and pleads the offense in its usually designated name in plain, ordinary language.

 We read the complaint as sufficient to alternatively plead violations of both subsections (1)(a) and (1)(b). Counsel for Bjelland candidly admitted at oral argument that, if the language following "beverage" were deleted from the complaint, it would adequately plead a violation of driving under the influence. Thus, under the circumstances presented in this case, we consider the additional language regarding blood alcohol concentration as mere surplusage.

Under similar circumstances this court has previously held that surplusage in a complaint does not subject it to dismissal:

"The purpose behind the adoption of the North Dakota Rules of Criminal Procedure was to secure the simplification of procedure and the elimination of unjustifiable expense and delay. Rule 2, NDRCrimP. We think this purpose is effectuated when the presence of surplusage in a complaint or supporting affidavit, not essential to the allegation of an offense, is held not to vitiate the complaint.

"We note that Rule 7(d), NDRCrimP, provides that unnecessary allegations may be disregarded as surplusage and the court, on motion of either party or upon its own motion, may strike that surplusage from the information or indictment. While Rule 7 governs indictments and informations, we have already noted the similarity between an information and a complaint....

\* \* \* \* \* \*

"Where nonessential material appeared in an information in *State v. Hefta,* 88 N.W.2d 626, 629 (N.D.1958), we said:

" 'Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential elements of the offense, they may be treated as surplusage and wholly disregarded.'

"Although Rule 3 contains no comparable surplusage provision to that of Rule 7, we think the policy behind Rule 7(d) is equally applicable to criminal complaints as well. If the complaint otherwise fairly and factually apprises the defendant of the offense charged, but contains unnecessary or prejudicial allegations, irrelevant or immaterial facts, or other surplusage, the proper remedy is to amend or strike that surplusage rather than to move to suppress the evidence or to dismiss the complaint. 1 Wright, Federal Practice and Procedure, Criminal, § 127 (1969); *Dranow v. United States,* 307 F.2d 545 (8th Cir.1962). Thus, if the complaint in this case contains all the essential elements required to prove a violation of § 12.1–23–07, NDCC, a question to which we next address ourselves, it will not fail simply because a supporting affidavit contains unnecessary alle-

gations·or other surplusage." *State v. Jelliff, supra,* 251 N.W.2d at 6.

·The Explanatory Note to Rule 3, N.D.R. Crim.P., recognizes that "complaints are, often hastily drawn," and "often contain inadequacies in construction." This is particularly true of uniform traffic complaints, which are generally not drawn by an attorney or reviewed by a magistrate before the arrest. *See* Section 29–05–31, N.D.C.C. When reviewing complaints, we must keep in mind that the primary purpose of a criminal complaint is to fairly inform the defendant of the charges against him. *See, e.g., State v. Hersch, supra,* 445 N.W.2d at 629; *State v. Bower,* 442 N.W.2d 438, 439 (N.D.1989); *State v. Jelliff, supra,* 251 N.W.2d at 5.

We conclude that the complaint adequately apprised Bjelland that he was being charged alternatively with violations of subsections (1)(a) and (1)(b) of Section 39–08–01. The complaint alleged all essential elements of each offense in plain, concise language.

Bjelland also asserts that he was charged and convicted of only the "per se" violation in municipal court, and that he therefore cannot be charged and convicted of a different crime in county court. Bjelland bases this argument on his assertion that the complaint pleaded a violation only of the "per se" offense contained in Section 39–08–01(1)(a). Because we have concluded that the complaint charged violations of subsections (1)(a) and (1)(b) alternatively, we need not address this issue.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, J., concurs in the result.