**CITY OF WAHPETON, Plaintiff and Appellant,**

v.

**Cheryl Ann DESJARLAIS, Defendant and Appellee.**

**Cr. No. 900013.**

Supreme Court of North Dakota.

July 3, 1990.

Lies, Bullis & Grosz Law Firm, Wahpeton, City Attys., for plaintiff and appellant; argued by Richard W. Grosz on behalf of John I. Allen.

David John Haberman (argued), Wahpeton, for defendant and appellee.

GIERKE, Justice.

The City of Wahpeton appeals from a county court judgment which found Cheryl Ann Desjarlais not guilty of driving under suspension. We reverse and remand.

On January 24, 1989, Desjarlais was arrested by an officer of the Wahpeton Police

Department and charged, by uniform traffic complaint, with the offense of driving under suspension/revocation in violation of Section 5–1506 of the Wahpeton City Ordinance.[1] Desjarlais pleaded not guilty to the charge and a trial date was scheduled. On March 13, 1989, prior to the scheduled trial date, the prosecuting attorney for Wahpeton issued a formal complaint charging Desjarlais with "Driving Under Suspension." The basis for the arrest was that Desjarlais, a Minnesota resident, did not have a valid Minnesota driver's license due to a February 3, 1988, driving under the influence conviction in Minnesota.

At trial, the city entered as an exhibit a certified copy of Desjarlais' Minnesota driver's license record. The record listed the status of her Minnesota driver's license as "Revoked", due to the previous DUI conviction. The municipal court judge found Desjarlais guilty of driving under suspension and sentenced her accordingly. Desjarlais subsequently appealed the city court decision to the county court for a new trial. However, prior to the scheduled trial date, the city and Desjarlais stipulated to the facts of the case thus avoiding a formal trial in the county court.

The county court held that the city failed in its burden to prove Desjarlais guilty beyond reasonable doubt of driving under suspension because Desjarlais' Minnesota license was revoked, rather than suspended. The court, quoting *State v. Brude*, 222 N.W.2d 296, 297 (N.D.1974), pointed out the definite distinction between "suspension" and "revocation" by stating: "The distinction between suspension and revocation under these sections [N.D.C.C. §§ 39–06–23(2) and 39–06–23(3)] is that a suspension is effective for a specified period, while a revocation continues until such time as a new application has been sub-

---

1. Section 5–1506 of the Wahpeton City Ordinance states in pertinent part:
   "5–1506  PENALTY FOR DRIVING WHILE LICENSE IS SUSPENDED OR REVOKED
   \*    \*    \*    \*    \*    \*
   "1.  Except as provided in NDCC chapters 39–16 and 39–16.1 and NDCC section 39–06.1–11 or equivalent ordinances of this city, any

   person who drives a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this city while that person's license or privilege so to do is suspended or revoked is guilty of a Class B misdemeanor."
   \*    \*    \*    \*    \*    \*

mitted, and a license issued." The court stated that it:

"[A]ppears quite clear that the City is alleging that there was a suspension of the defendant's license. On the other hand, the proof submitted by the City does not show that the defendant's license was 'suspended'. It then appears that the City has failed to prove all the essential elements of the offense.... The complaint is clear and unambiguous in that it charges a crime that is separate and distinct from that of driving while a person's license is revoked."

Thus, the county court found that the city failed in its burden to find Desjarlais guilty beyond a reasonable doubt and therefore concluded that she was "not guilty" of the alleged offense. It is from this judgment that the city of Wahpeton appeals.[2]

Desjarlais requests this court to dismiss the City's appeal on the ground that the trial court's judgment constitutes an acquittal and therefore cannot be appealed by the City. On the other hand, the City contends that the judgment of the trial court constitutes a dismissal of the complaint and is therefore appealable under Section 29–28–07(1), N.D.C.C. Thus, the City contends that the complaint charging Desjarlais with "driving under suspension" was sufficiently phrased so as to adequately apprise her of the offense of "driving under revocation."

In a criminal action, the City has only such right of appeal as is expressly conferred by statute. *State v. Flohr*, 259 N.W.2d 293, 295 (N.D.1977); Section 29–28–07(1), N.D.C.C. Section 29–28–07(1), N.D.C.C. provides that the State [City] can appeal "an order quashing an information or indictment or any count thereof." An order dismissing a criminal complaint has the same effect as an order quashing an information for the purposes of appealability, and can therefore be appealed by the City pursuant to Section 29–28–07(1), N.D.C.C.; *Flohr, supra,* 259 N.W.2d at 295.

Thus, we must determine whether the trial court's ruling constituted an acquittal, which is not appealable or is an order which, regardless of its label, has the same effect as an order quashing an information.

Although the trial court phrased its findings in terms of "not guilty", the mere use of those words does not establish the action as an acquittal. *State v. Melin*, 428 N.W.2d 227, 229 (N.D.1988), *cert. denied,* 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 357. As this court stated in *Flohr, supra,* 259 N.W.2d at 295:

"The question of what constitutes an 'acquittal' is not to be controlled by the form of a judge's ruling. *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). Rather, one must look at the substance of the judge's ruling, whatever its label, and determine whether it actually represents *a resolution of some or all of the factual elements of the offense charged. United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)." [Emphasis added].

A review of the trial court's memorandum opinion clearly indicates that the trial court was not resolving "some or all the factual elements of the events charged." While the trial judge's opinion contained language indicating that the City "failed to prove all the essential elements of the offense", we believe that the court's decision was premised on an ill-worded complaint which charged Desjarlais with "driving under suspension" when in fact her Minnesota license was revoked. The following language from the trial court's opinion leads to our conclusion:

"It is a general rule that a complaint must set forth the facts so distinctly as to advise accused of the charge, and give him a fair opportunity to prepare his defense, so particularly that a conviction or acquital [sic] would bar another prosecution for the same offense, and so clear-

---

2. Although the city of Wahpeton cannot appeal from a criminal judgment of acquittal [*State v. Hogie,* 424 N.W.2d 630, 631 (N.D.1988)], as discussed later in our opinion we consider the effect of this judgment to have been an order

dismissing the complaint. An order dismissing a complaint has the same effect as an order quashing an indictment, which is appealable under Section 29–28–07(1), N.D.C.C.; *State v. Flohr,* 259 N.W.2d 293, 295 (N.D.1977).

ly that the Court may determine whether the facts stated support a conviction.

Preparing for a defense against a charge of driving while license was suspended, or while license was revoked, could well take entirely different rules of law and fact when given the situation of this case where the defendant was licensed in the State of Minnesota, was apparently convicted of a vehicular offense in Minnesota, had her license revoked in Minnesota for a stated period of time which had expired at the time of the alleged offense hearing, it appears possible she may have become a resident of the State of North Dakota, and as such should have acquired a North Dakota license, or was entitled to a North Dakota license."

Thus, we believe that the trial court's decision was based upon the legal conclusion that the complaint was worded so as to charge an offense [driving under suspension] that was inconsistent with the "revoked" status of Desjarlais' driver's license. It appears that the trial court was concerned with due process fair notice requirements rather than with resolving some or all of the factual elements of the case. Therefore, we conclude that the trial court judgment constitutes a dismissal of the complaint against Desjarlais thereby giving the City a right to an appeal.

█ As to the merits of the case, the City contends that the trial court dismissal was based on a complaint that was not technically worded correctly. In order to sufficiently charge an offense, a complaint must contain a plain, concise, and definite written statement of the essential elements of the offense. *City of Minot v. Bjelland*, 452 N.W.2d 348, 350 (N.D.1990); Rule 7(c), N.D.R.Crim.P. In considering the sufficiency of a criminal pleading, technicalities have been abolished, and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. *State v. Jelliff*, 251 N.W.2d 1, 6 (N.D.1977); *State v. Medearis*, 165 N.W.2d 688, 693 (N.D.1969). When the facts, act and circumstances are set forth with sufficient certainty, it is not a fatal defect that the information or the complaint gives an erroneous name to the charge. *Medearis*,

*supra*, 165 N.W.2d at 692–93. Mere defects, inaccuracies, or omissions in a complaint do not affect the subsequent proceedings, unless as a result, no offense is charged. *Jelliff, supra*, 251 N.W.2d at 5.

█ In this case, Desjarlais was charged with driving under suspension in violation of Wahpeton City Ordinance Section 5–1506 which is entitled "Penalty For Driving While License is Suspended or Revoked." Subsection 5–1506(1) provides in pertinent part that "[a]ny person who drives a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this city while that person's license or privilege so to do is suspended or revoked is guilty of a Class B misdemeanor." Further, subsection 5–1506(2) provides that "the sentence [for driving under suspension or revocation] must be at least four consecutive days' imprisonment and such fine as the court deems proper."

Thus, under Section 5–1506(2) of the Wahpeton City Ordinances, it seems clear that the penalty imposed is similar whether the charge is driving while license is suspended or driving while license is revoked. We are mindful that the primary purpose of a criminal complaint is to fairly inform the defendant of the charges against him or her. *Bjelland, supra*, 452 N.W.2d at 351. Considering that the complaint filed against Desjarlais notified her that she was driving in violation of Section 5–1506(2) of the Wahpeton City Ordinances, we find that the complaint sufficiently charged Desjarlais so as to fairly and factually apprise her of the charge against her. While the complaint stated that the offense was "driving under suspension", a clear reading of Section 5–1506(2) tends to indicate that there is no material distinction between the charge of driving under suspension and driving with a revoked license. Under either charge, the defendant is being charged with driving during a time when his or her driving privileges have been judicially or administratively removed. Furthermore, the defendant is penalized similarly under Section 5–1506(2) regardless of the labelling of the charge.

We conclude that the complaint fairly informed Desjarlais that she was being charged with essentially driving while her license had been removed, whether by suspension or revocation. Thus, we reverse the trial court's dismissal of the complaint.

Our reversal of the trial court's dismissal of the complaint leaves this case in a unique posture because the dismissal occurred after all the evidence had been entered in a trial to the court. If this had been a trial to the jury we would be required to grant a new trial because the jury would have been discharged at the time of the dismissal. However, because this was a trial to the court we remand to the trial court for determination of guilt or innocence. *See, Melin, supra,* 428 N.W.2d at 233.

We conclude that the trial court's finding of not guilty was actually a dismissal of the complaint, thus rendering the trial court's judgment appealable. On appeal, we reverse the trial court's judgment and remand for determination of guilt or innocence consistent with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, J., concur.

LEVINE, Justice, dissenting.

I dissent. The majority apparently believes the trial court was mistaken in its legal conclusion that in order to prove a violation of § 5–1506, Wahpeton City Ordinances, the city must literally choose its poison, that is, not merely charge and prove driving under suspension or revocation but, instead, charge and prove one or the other, as though it made a difference. I can't say I disagree with the majority on this point. It seems clear that the ordinance creates one offense—driving while a license has been removed either by suspension or revocation. What I do take issue with is the majority's total disregard of the fact that the trial court did more in this case than draw a simple legal conclusion. *Compare State v. Hogie,* 424 N.W.2d 630 (N.D.1988) [judgment of acquittal was not an acquittal because it involved no resolution of factual elements of the offense of theft but, instead, was based on legal con-

clusion that auto theft could not be charged as a class B felony]. Based upon the evidence submitted to it, it resolved at least one of the factual elements of the offense charged—driving under suspension or revocation in violation of § 5–1506, Wahpeton City Ordinances.

The factual elements of the forbidden conduct and the attendant circumstances of the offense contained within § 5–1506, Wahpeton City Ordinances are: (1) driving (2) a motor vehicle (3) in the City of Wahpeton (4) while the driver's license is suspended or revoked. *See* NDCC § 12.1–01–03. The trial court determined that the City did not prove the fourth element. The trial court was wrong, but its ruling of not guilty was nevertheless based on a resolution of at least one of the factual elements of the offense charged and is, therefore, an acquittal which, under our law, the City has no authority to appeal. *State v. Flohr,* 259 N.W.2d 293 (N.D.1977).

I would dismiss the appeal.

MESCHKE, Justice, dissenting.

I respectfully dissent. The trial court plainly determined, "[t]he City has failed in its burden to find the defendant guilty beyond a reasonable doubt," after the case was submitted for trial on stipulated facts. The trial court ruled, "I find that the defendant is not guilty of the offense alleged." Because the majority believes the trial court was mistaken in assessing the evidence for an imperfectly worded charge, the majority opinion reconstructs the trial court's ruling, reverses, and "remand[s] for determination of guilt or innocence *consistent with this opinion.*" (My emphasis).

As I explained in my dissent to a similar opinion in *State v. Melin,* 428 N.W.2d 227, 234–36 (N.D.1988), this approach rewrites our statute on appeals by the prosecution and violates the Double Jeopardy Clauses of the United States and North Dakota Constitutions. U.S. Const. amend. V; N.D. Const. art. I, § 12. The "underlying idea" of the Double Jeopardy Clauses

is that the State with all its resources and power should not be allowed to make

repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957). I would affirm because our statute does not authorize an appeal by the prosecution to review an acquittal after trial and because the Double Jeopardy Clauses bar such judicial action.

Therefore, I respectfully dissent.