STATE of North Dakota, Plaintiff
and Appellee,

v.

Richard John KEEGAN, Defendant
and Appellant.

Crim. No. 920113CA.

Court of Appeals of North Dakota.

Dec. 4, 1992.

A. Frederick Arnason, Asst. State's Atty., Grand Forks, for plaintiff and appellee. Submitted on brief.

Richard A. Ohlsen, of Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for defendant and appellant. Submitted on brief.

PER CURIAM.

Richard John Keegan appeals from a judgment of conviction, entered upon a jury verdict, for driving under the influence of intoxicating liquor in violation of Section 39–08–01, N.D.C.C. We affirm.

On appeal, Keegan asserts that the trial court erred in admitting the results of a blood-alcohol test which was conducted with an "obsolete testing device." Keegan's blood test was conducted with a "Hewlitt–Packard Model #5711A, Serial #1328A01789" gas chromatograph. Keegan asserts that that machine is neither scientific nor reliable because it "is a machine model that was introduced in January, 1972, and had a product obsolescence date of January 1, 1982 and after January 1, 1992, Hewlitt–Packard no longer furnishes separate parts or supplies for this particular machine."

Pursuant to Section 39–20–07(5) and (6), N.D.C.C., the Legislature has delegated the certification of testing devices to the State Toxicologist. The State Toxicologist has

approved this machine for testing blood alcohol levels. Keegan's argument is more appropriately directed to the Legislature and to the State Toxicologist.

Keegan argues that the trial court erred in admitting the results of his blood-alcohol test, because the test was not fairly and properly administered under Section 39–20–07(5), N.D.C.C., in that, under his version of the evidence, the test was conducted more than two hours after he had been driving.

 Keegan was charged with driving a "motor vehicle while under the influence of alcohol with BAC of .10% or greater" under Section 39–08–01, N.D.C.C. That citation adequately advised him that he was being charged with violating both Section 39–08–01(1)(a) and (b), N.D.C.C.[1] *City of Minot v. Bjelland*, 452 N.W.2d 348 (N.D. 1990). It is well established that the results of a blood-alcohol test administered more than two hours after a defendant has been driving are admissible to prove driving under the influence under Section 39–08–01(1)(b), N.D.C.C. *E.g.*, *State v. Kimball*, 361 N.W.2d 601 (N.D.1985). Al-

though Keegan testified that he had not been driving within two hours of the blood-alcohol test, the State presented contrary evidence. In any event, the test results were admissible to prove a violation of Section 39–08–01(1)(b), N.D.C.C. *Kimball, supra.*

The State introduced a certified copy of the analytical report of the blood analysis issued by the office of the State Toxicologist and a signed statement from the medical technician who drew the blood sample according to the procedures set out by the State Toxicologist in Form 104. The State established that the test was fairly and properly administered under Section 39–20–07, N.D.C.C., and *State v. Schwalk*, 430 N.W.2d 317 (N.D.1988).

The judgment of conviction is affirmed.

VERNON R. PEDERSON, Chief Surrogate Judge, and JAMES H. O'KEEFE and MAURICE R. HUNKE, District Judges, concur.

---

1. Section 39–08–01, N.D.C.C., provides:
   *"Persons under the influence of intoxicating liquor or any other drugs or substances not to operate vehicle—Penalty.*
   "1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

   "a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.
   "b. That person is under the influence of intoxicating liquor."