CITY OF GRAND FORKS,
Plaintiff and Appellee,

v.

Juan M. MATA, a/k/a John M. Mata,
Defendant and Appellant.

Cr. No. 930302.

Supreme Court of North Dakota.

May 19, 1994.

Gary E. Euren (argued), Asst. City Atty., Grand Forks, for plaintiff and appellee.

Faron E. Terry (argued) of Omdahl & Terry, Grand Forks, for defendant and appellant.

NEUMANN, Justice.

Juan Mata appeals from an order denying his motion for correction of sentence under N.D.R.Crim.P. 35. We affirm.

On June 16, 1992, Mata was arrested and charged with being in actual physical control of a vehicle while under the influence of alcohol in violation of the Grand Forks City Code of 1987 [G.F.C.C.]. He refused to submit to the chemical test for blood-alcohol content required by N.D.C.C. § 39–20–01. Mata pled guilty to the actual physical control charge in municipal court and, without the assistance of counsel, attempted to avoid administrative revocation of his license for refusing the test by complying with N.D.C.C. § 39–20–04(2). *See generally Fetzer v. Director, Dept. of Transportation,* 474 N.W.2d 71, 72 (N.D.1991). The Department of Transportation, concluding that Mata had not complied with the statute, refused to change the one-year revocation of his license to a 91–day suspension. *See* N.D.C.C. § 39–06.1–10(7)(a).

Mata obtained counsel and moved to withdraw his guilty plea to the actual physical control charge. The court allowed Mata to withdraw the guilty plea, and upon the prosecutor's motion, dismissed the actual physical control charge against Mata with prejudice. The dismissal of the criminal charge did not affect administrative revocation of Mata's license. *See, e.g., Asbridge v. North Dakota State Highway Commissioner,* 291 N.W.2d 739, 750 (N.D.1980).

On November 22, 1992, a Grand Forks police officer stopped Mata because his vehicle's taillight was not functioning. The officer discovered that Mata's license was revoked and issued him a Uniform Summons and Complaint citation for driving while his license was revoked in violation of G.F.C.C. § 8–0204. Mata requested a jury trial and the case was transferred to county court.

Mata subsequently waived a jury trial and requested a bench trial. Mata's attorney argued that Mata's due process rights were violated because he was not afforded an administrative hearing on his license revocation. However, Mata admitted to driving when he knew his license was revoked. The trial court found Mata guilty. Immediately afterward, the trial court said it intended to impose the mandatory minimum four-day jail sentence required by N.D.C.C. § 39–06–42(2) ["If the ... revocation was imposed for violation of section 39–08–01 or equivalent ordinance or was governed by ... chapter 39–20, the sentence must be at least four consecutive days' imprisonment and such fine as the court deems proper."]. Mata's counsel argued that the penalty under the ordinance he was charged with violating, G.F.C.C. § 8–0204, is only a fine of $500 or less, and that, under *City of Fargo v. Little Brown Jug,* 468

N.W.2d 392 (N.D.1991), only the less severe city penalty is permitted. The trial court determined it had "no alternative . . . but to impose the mandatory four days in jail." The court sentenced Mata to serve 10 days in jail with six days suspended, and to pay a $100 fine and a $75 administrative fee.

Mata then moved to correct his sentence under N.D.R.Crim.P. 35. Mata argued that G.F.C.C. § 8–0204 does not allow for imposition of a jail term, and that, if he had known he was "charged" under state law, he would have argued that a mandatory minimum four-day jail sentence could not be imposed under *State v. Orr*, 375 N.W.2d 171 (N.D. 1985), because he was not represented by counsel at the time his license was administratively revoked. The trial court denied the motion, and Mata appealed.

### I

Mata asserts that the trial court erred in sentencing him to serve four days in jail. We disagree.

Driving while a person's license is revoked is proscribed by G.F.C.C. § 8–0204:

> "It shall be unlawful for any person whose operator's license is suspended or revoked to operate a motor vehicle on any street, alley, avenue, park road, or public place in the City of Grand Forks; and upon conviction thereof, any such person shall be punished by a fine of not more than five hundred dollars ($500.00)."

Under G.F.C.C. § 8–1601(1)(D), driving while a license is revoked in violation of § 8–0204 is classified as a "Criminal offense[ ]." Disposition of criminal offenses is governed by G.F.C.C. § 8–1602:

> "Disposition of those traffic offenses designated herein as criminal will be in accordance with the statutory provisions contained in the North Dakota Century Code as amended, and as specifically provided in Chapter 4[0]–18 thereof relating to municipal judges."

Mata does not assert on appeal that G.F.C.C. § 8–0204 is a special provision that should govern over the general penalty provision of G.F.C.C. § 8–1602 in case of irreconcilable conflict, thereby precluding imposi-

tion of a jail sentence in this case. *See* N.D.C.C. § 1–02–07. Rather, Mata's argument is premised on an alleged lack of notice. He complains that he received no notice that he might be facing a mandatory minimum four-day jail sentence for driving while his license was revoked because the traffic citation referenced only G.F.C.C. § 8–0204, which imposes a fine of not more than $500. The citation contains no reference to G.F.C.C. § 8–1602, which incorporates into the city code the penalties provided under the North Dakota Century Code. According to Mata, imposition of the jail sentence violates his sixth amendment right "to be informed of the nature and cause of the accusation," as well as the protections afforded by N.D.R.Crim.P. 7(c).

The charging document in this case, the traffic citation, is the equivalent of a criminal information. *State v. Medearis*, 165 N.W.2d 688, 692 (N.D.1969). To satisfy sixth amendment standards, a criminal information is sufficient if it is specific enough to advise the defendant of the charge against him, to enable him to prepare for trial, and to plead the result in bar of a subsequent prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962); *State v. Niska*, 380 N.W.2d 646, 648 (N.D.1986); *State v. Lind*, 322 N.W.2d 826, 844 (N.D.1982). The provisions of N.D.R.Crim.P. 7(c) are intended to implement the sixth amendment notice requirement. Explanatory Note to N.D.R.Crim.P. 7. The information must contain a plain, concise, and definite written statement of the essential elements of the offense. *City of Minot v. Bjelland*, 452 N.W.2d 348, 350 (N.D.1990). In considering the sufficiency of a criminal information, technicalities have been abolished, and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. *City of Wahpeton v. Desjarlais*, 458 N.W.2d 330, 333 (N.D.1990). Mere defects, inaccuracies, or omissions in an information do not affect the subsequent proceedings, unless as a result, no offense is charged. *Desjarlais*. As N.D.R.Crim.P. 7(c) explains:

> "The indictment or information must state for each count the official or customary

citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission is not ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not prejudicially mislead the defendant."

■ The traffic citation listed "Driving while under revocation" as the offense, the day, date, and time of the violation, and the street and city where the offense occurred. G.F.C.C. § 8–0204 was listed as the provision violated. We believe that the citation was sufficiently specific to advise Mata of the charge against him, even though it did not refer to the penalty provision, G.F.C.C. § 8–1602.

■ Although it has been suggested that, as a matter of good practice, an information should contain a reference to the penalty section of a statute, there is no absolute requirement to this effect. 1 Wright, *Federal Practice and Procedure: Criminal 2d* § 124 (1982), and cases cited therein. A prior conviction that enhances a sentence, but not the seriousness of the offense, is not regarded as an element of an offense. *City of Fargo v. Cossette,* 512 N.W.2d 459, 462 (N.D.1994). Thus, penalty provisions which permit enhanced sentencing for certain crimes do not add an element to an offense and need not be directly charged in an information. 8 *Moore's Federal Practice* ¶ 7.04[1] (2d ed. 1994), and cases cited therein. *But compare* N.D.R.Crim.P. 11(b)(2) [court may not accept guilty plea without personally informing defendant of any mandatory minimum punishment provided by statute defining offense]; *State v. Schweitzer,* 510 N.W.2d 612 (N.D.1994); *State v. Schumacher,* 452 N.W.2d 345 (N.D.1990).

■ Here, N.D.C.C. § 39–06–42(2) does not enhance a sentence or an offense; rather, the statute merely provides a minimum sentence for a particular type of driving-while-under-revocation conviction. *City of Fargo v. Bommersbach,* 511 N.W.2d 563, 565 (N.D. 1994). Therefore, no sixth amendment violation occurred in this case by failing to list the penalty provision in the traffic citation.

Mata asserts that Rule 7(c) was violated because he was prejudicially misled by the traffic citation. He also relies on *State v. Gahner,* 413 N.W.2d 359, 362 (N.D.1987), in which we recognized that " 'a defendant must receive reasonable notice and an opportunity to be heard' even as to a sentence-enhancing" condition [quoting *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962) ]. However, even if we treat § 39–06–42(2) as enhancing a sentence [*but see Bommersbach* ], we believe Mata received reasonable notice and an opportunity to be heard and was not misled to his prejudice in this case.

■ Mata was represented by counsel. In the city code's chapter on traffic and motor vehicles, the relevant penalty sections incorporating state sentencing statutes prominently appear under Article 16, entitled "Classification and Disposition of Traffic Offenses." Although these provisions, when read in conjunction with the penalty stated in G.F.C.C. § 8–0204, may cause some confusion, they nevertheless placed Mata on constructive notice of the possible application of a jail sentence. *See generally State v. Littlewind,* 417 N.W.2d 361, 365 (N.D.1987).

Moreover, while crimes defined by state law may not be superseded by municipal ordinances [*see* N.D.C.C. § 12.1–01–05], a majority of this court in *Little Brown Jug,* 468 N.W.2d at 396, specifically held that a city offense defined identically as a state offense but containing a less severe penalty provision did not supersede the state offense in violation of N.D.C.C. § 12.1–01–05. It is significant to note that immediately after being informed of the trial court's intention to apply the mandatory minimum four-day jail sentence, Mata's counsel, armed with this court's decision in *Little Brown Jug,* argued that the city had permissibly lowered the penalty for driving while his license was revoked. This indicates Mata had actual prior knowledge of the possible application of state sentencing provisions for violation of city code criminal traffic offenses.

In any event, Mata was given an additional opportunity to be heard on the applicability of the four-day jail sentence when the issues were litigated in the trial court through his

subsequent motion to correct the sentence. Mata has not shown how he would have defended the substantive criminal charge of driving while his license was revoked any differently had he been notified earlier of the possibility of a mandatory minimum jail sentence.

■ We conclude that Mata has failed to establish lack of reasonable notice and opportunity to be heard, or that he was misled to his prejudice by the City's failure to cite the applicable penalty section. *See Bommersbach.*

## II

■ Mata asserts that, under *Orr*, the uncounseled administrative revocation of his license cannot validly be used to require imposition of the mandatory minimum four-day jail sentence. We disagree.

In *Orr*, we held that, absent a valid waiver of counsel, the prosecution could not rely on a prior uncounseled DUI conviction to enhance punishment under N.D.C.C. § 39–08–01 for a subsequent DUI offense. Noting that uncounseled convictions are viewed with "skepticism" and are deemed inherently "unreliable," we ruled that a "silent record is insufficient to overcome the presumption that the prior uncounseled conviction was void for enhancement purposes." *Orr*, 375 N.W.2d at 178, 179. Once the defendant raises the issue, the prosecution has the burden to overcome this presumption of invalidity by presenting "parol or other evidence" that the defendant validly waived the right to counsel. *Orr*, 375 N.W.2d at 180. *Orr's* practical consequence is that, regardless of the penalty to be imposed, a court must afford a nonindigent defendant the opportunity to retain counsel, appoint counsel for an indigent defendant, or obtain a valid waiver of counsel on the record if that conviction is to be used as a basis for enhancing the penalty for a subsequent conviction. *Orr*, 375 N.W.2d at 179.

We have not applied the *Orr* analysis to anything other than a prior criminal conviction. *See State v. Haverluk*, 432 N.W.2d 871, 875 (N.D.1988); *State v. Goeman*, 431 N.W.2d 290, 292 (N.D.1988); *City of Fargo v.*

*Christiansen*, 430 N.W.2d 327, 330 (N.D. 1988); *State v. Pitman*, 427 N.W.2d 337, 343 (N.D.1988). In *Holen v. Hjelle*, 396 N.W.2d 290, 295 (N.D.1986), we held that a prior uncounseled criminal conviction could validly be used in an administrative proceeding as a basis for increasing the length of a license suspension without violating *Orr* principles. We reasoned that administrative license suspension proceedings are civil rather than criminal, and that "the wide range of constitutional protections afforded in a criminal proceeding are not applicable to those civil proceedings." *Holen*, 396 N.W.2d at 294. Although we are faced with the converse situation here, *i.e.*, the use of a prior uncounseled administrative revocation to require imprisonment for conviction in a subsequent criminal proceeding, we believe the same rationale renders *Orr* inapplicable in this setting.

■ In *Ferguson v. Gathright*, 485 F.2d 504 (4th Cir.1973), *cert. denied*, 415 U.S. 933, 94 S.Ct. 1447, 39 L.Ed.2d 491 (1974), the petitioner was convicted of driving a motor vehicle after his license had been revoked in civil proceedings under the Virginia Habitual Offender Act. The petitioner sought habeas corpus relief, arguing that the revocation of his license was invalid for failure of the State, at his revocation hearing, to furnish him counsel. The petitioner acknowledged that the revocation proceedings were civil rather than criminal, but contended that because the revocation proceedings provided the basis for the subsequent prosecution for the crime of driving without a license, the revocation proceedings must be considered a critical stage of the criminal case for sixth amendment purposes. The court rejected this argument:

"In the [civil license revocation] situation, the defendant loses simply his right to operate a motor vehicle on the public highways; he suffers no loss of liberty or threat of incarceration. He is not substantially different in condition from thousands of others, who, for one reason or another, have been denied, or have suffered a loss of, a driving permit. He comes under the threat of incarceration *only if* he subsequently determines to take the law into his

own hands and to operate a motor vehicle on the public highway without a valid permit.

"His situation, in those circumstances, is substantially similar in principle to that of the person, who, denied a renewal of his license because of impaired vision or other cause, drives a motor vehicle on the public highway. It is his subsequent defiance of the law, and only indirectly his revocation proceedings, that brings into play the criminal processes and places him in peril of imprisonment."

*Gathright,* 485 F.2d at 506 [emphasis in original; footnotes omitted]. We agree with *Gathright* and other courts that hold uncounseled civil administrative revocations may validly provide the basis for a subsequent prosecution and imprisonment for driving without a license. *See, e.g., People v. McKnight,* 200 Colo. 486, 617 P.2d 1178, 1183–1184 (1980); *State v. Bell,* 182 Ga.App. 860, 357 S.E.2d 596, 598 (1987); *State v. Love,* 312 So.2d 675, 678–679 (La.Ct.App. 1975); *Whorley v. Commonwealth,* 215 Va. 740, 214 S.E.2d 447, 451, *cert. denied,* 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975); *State v. Cole,* 180 W.Va. 412, 376 S.E.2d 618, 621–623 (1988).

We conclude that *Orr* does not preclude use of an uncounseled civil administrative revocation to impose a sentence of imprisonment following Mata's criminal conviction for driving while his license was revoked. Mata could not collaterally attack the administrative revocation at his criminal trial. *See State v. Bettenhausen,* 460 N.W.2d 394, 395 (N.D.1990); *State v. Larson,* 419 N.W.2d 897, 898 (N.D.1988); *State v. Mehlhoff,* 318 N.W.2d 314, 316–317 (N.D.1982). The trial court did not err in imposing the mandatory minimum four-day jail sentence required by the city code and N.D.C.C. § 39–06–42(2).

Accordingly, we affirm the order denying Mata's motion for correction of sentence.

VANDE WALLE, C.J., and SANDSTROM and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

The majority analyzes this case as a failure to cite to the "penalty provision" of the Grand Forks City Code. I believe this case is better understood as a failure to cite to NDCC § 39–06–42, in violation of NDRCrimP 7(c). Because I would reverse on that ground, I dissent.

Rule 7(c) says, in part:

"The indictment or information must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission is not ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not prejudicially mislead the defendant."

The trial court sentenced the defendant under NDCC § 39–06–42 and imposed the mandatory minimum four-day jail sentence provided by that statute. But the defendant had no notice that he was alleged to have violated NDCC § 39–06–42 and, as a result, he had no notice that he was facing imprisonment. The traffic citation referenced only the city ordinance the defendant was alleged to have violated, which carried a maximum fine of $500. Because the defendant effectively was charged, tried, and sentenced for a violation of NDCC § 39–06–42, but was given notice only of an alleged violation of a city ordinance, he was prejudicially misled.