# THE STATE OF NORTH DAKOTA, Respondent, v. CHARLES E. MUTSCHLER, Appellant.

(212 N. W. 832.)

**Information — crime of arson — must allege malice.**

1. An information under § 9849, Comp. Laws 1913, which fails to allege

---

Annotation.—Intent and malice necessary averments in indictment charging arson, see annotation in 1 A.L.R. 1166; 2 R. C. L. 509.

malice, either in the language of the statute, or otherwise, is insufficient to charge the crime of arson.

**Information — crime of arson — malicious burning.**

2. An allegation that the defendant did "wilfully, unlawfully and feloniously set fire to and burn" a building, is not an allegation of malicious burning within § 9849, Comp. Laws 1913.

**Information — crime of arson — must allege intent.**

3. An information under § 9849, Comp. Laws 1913, which fails to allege an intent to destroy a building, either in the language of the statute, or otherwise, is insufficient to charge the crime of arson.

**Criminal law — sufficiency of information may be raised in arrest of judgment.**

4. Where an information purporting to charge the crime of arson is defective in that it fails to allege the act to have been maliciously done and with an intent to destroy a building, the question of the sufficiency of the information may be raised upon a motion in arrest of judgment. (Comp. Laws 1913, § 10,745.)

**Information — crime of arson — must allege malice and intent.**

5. Where an information purporting to charge arson fails to allege malice and an intent to destroy a building, it does not state a public offense.

**Criminal law — motion in arrest of judgment — when sufficient.**

6. A motion in arrest of judgment is sufficient to arrest judgment on an information that does not state a public offense.

Opinion filed March 2, 1927.

Arson, 5 C. J. § 2 p. 541 n. 37; § 31 p. 559 n. 3; p. 560 n. 4, 5 New. Criminal Law, 16 C. J. § 2790 p. 1257 n. 1.

Appeal from the District Court of Sheridan County, *Jansonius,* J. Reversed.

*Langer & Nuchols,* for appellant.

*Geo. Thom, Jr.,* for respondent.

Lowe, Dist. J. The defendant in this case was convicted of arson in the third degree. The material part of the information alleges: "That at said time and place the said Charles E. Mutschler did wilfully, unlawfully and feloniously set fire to and burn, in the nighttime, a certain dwelling house situated in the village of Goodrich in the county of Sheridan and state of North Dakota, said dwelling house being then and there the property of said Charles E. Mutschler, this

against the peace and dignity of the state of North Dakota, and contrary to the form of the statute in such case made and protvided." The defendant plead not guilty and went to trial and was found guilty of arson in the third degree. When the defendant was called for sentence his counsel made a motion in arrest of judgment on the ground that the information did not state facts sufficient to constitute a public offense, which motion was denied.

It appears the information was drawn under §§ 9849 and 9865 of the Compiled Laws of 1913, reading as follows:

"Sec. 9849. Arson is the wilful and malicious burning of a building, with intent to destroy it."

"Sec. 9865. Maliciously burning in the nighttime any building, not the subject of arson in the first or second degree . . . is arson in the third degree."

Numerous errors are assigned by counsel for defendant, but they appear to be without sufficient merit to require discussion, with the exception of the assignment that the court erred in denying the motion in arrest of judgment. There having been no proper demurrer filed, the information must be construed liberally. This brings us to the question whether the information, when liberally construed, charges a public offense, upon which the defendant could be legally convicted.

1-2. At common law malice was an essential ingredient in the crime of arson, and has been incorporated into most statutes on the subject. It seems to be the rule, without exception, that "malice is of the essence of the crime of arson at common law, and the same ingredient must enter into offenses of house burning created by statute." Jesse v. State, 28 Miss. 100. This is especially true where the statute defines the offense as the malicious burning. It has even been held that malice, being an ingredient in common law arson, is such even in arson under a statute which does not contain the term or its equivalent. 3 Bishop, New Crim. Proc. 2d Ed. 1245. In an indictment under the statute of 9 Geo. I., it was necessary to aver that the burning was malicious, although the statute did not contain these words, for malice is the essence of the offense. 2 East, P. C. 1033.

"All the ingredients which enter into the offense, whether set down in the statute or interpreted into it, must be stated. For this the exact words of the statute will with rare exceptions be practically best; be-

cause thus all doubt will be avoided, and simply the proof demanded by the law, and no more, will be called for by the indictment." 2 Bishop, New. Crim. Proc. 2d ed. p. 478.

"The felony of arson, or wilful burning of houses, is described by my Lord Coke, chapter 15, page 66, to be the malicious and voluntary burning of the house of another, by night or by day. . . . It must be a wilful and malicious burning, otherwise it is not felony, but only a trespass." 1 Hale, P. C. 566. See also 4 Bl. Com. 220; 2 Russell, Crimes, 548; 2 East, P. C. 1015; Kellenbeck v. State, 10 Md. 431, 69 Am. Dec. 166.

It is well settled that the words, wilfully, unlawfully and feloniously do not include or charge malice. See 2 R. C. L. p. 509; 5 C. J. p. 541.

In Kellenbeck v. State, supra, the crime of arson was charged as having been "feloniously, wilfully and unlawfully" done, and the court said: "The indictment is defective, viewing it as charging the crime of arson. The burning is nowhere alleged to have been done 'maliciously' but 'feloniously, wilfully, and unlawfully.' "

It is quite plain that the information in this case by the omission of malice, does not charge a public offense.

Our statutory definition of arson—the wilful and malicious burning of a building with intent to destroy it—is one of the most easily understood laws on our statute books, unless reasonable persons should differ on what is meant by "burning."

"To constitute the burning which is essential to the crime of arson, it is not necessary that the building should be consumed or materially injured. It is sufficient if fire is actually communicated to any part thereof, however small." 1 A.L.R. 1166, note.

While "wilful" in the statute means "intentional," it means only an intent to burn, and not an intent to destroy, as destruction is not necessary to the commission of the crime of arson.

The common law definition of arson did not include an intent to destroy, but the decisions were in hopeless conflict as to whether an intent to destroy was a necessary element, even though not stated in the common law definition of arson.

In his work on Criminal Law, Mr. Bishop thus discusses the question: "If a prisoner burns a hole in his cell, or otherwise burns the building in which he is confined, not from a desire to consume the

building, but to effect his escape, his offense must be . . , arson; and so it has been held. On the other hand, the contrary has also been held; and, unhappily on this side are the majority of cases." 2 Bishop, Crim. Law, 7th ed., § 15.

Our legislature has seen fit to change the crime of arson from the common-law definition by adding the mental element that there must be an intent to destroy a building; and has definitely settled the law that it is not arson unless there is an intent to destroy a building, and has made the "intent to destroy" a necessary ingredient in addition to the other necessary element of "wilful (intentional) . . . burning."

4. Therefore, the argument with respect to malice would be equally weighty as to an intent to destroy; and it is a necessary element of the offense, and must be pleaded in the information. If the intent was merely to burn a building, then the word "wilfully" in the information would be sufficient, but the crime is narrower than that. This argument is particularly strong where the defendant is charged with setting fire to and burning his own building.

5. The record in this case shows that the defendant attempted to demur orally at the commencement of the trial, but this was ineffectual as our law requires the demurrer to be in writing, signed either by the defendant or his counsel, and filed. Sec. 10,738. Counsel for the state contends that, because there was no proper demurrer interposed, all objections to the information were waived. Section 10,745 provides that no demurrer to an information need be interposed when the facts stated do not constitute a public offense, but that this objection may be taken at the trial under a plea of not guilty, and by a motion in arrest of judgment. It will be seen from the foregoing that the information did not charge a public offense, and the motion in arrest of judgment should have been granted.

The judgment is reversed and the trial court is directed to set aside the judgment and verdict, and quash the information, and to make such further order permitting another information to be filed, or such further proceedings should be had as may be consistent with the demands of justice and the provisions of the law.

BIRDZELL, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.

CHRISTIANSON, J., did not participate, Honorable JOHN C. LOWE, Judge of the Fifth Judicial District, sitting in his stead.