2005 ND 13
**STATE of North Dakota, Plaintiff and Appellee**

v.

**Maurice Robert THILL, Defendant and Appellant.**

**No. 20040074.**

Supreme Court of North Dakota.

Jan. 19, 2005.

Robert V. Bolinske, Jr., Bismarck, N.D., for defendant and appellant.

Brian D. Grosinger, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Maurice Thill appeals from the trial court's judgment of conviction after a jury convicted him of gross sexual imposition. We affirm the judgment of conviction.

I

[¶ 2] On June 1, 1999, Maurice Thill was charged with gross sexual imposition. The charges arose from a party Thill attended the night of May 30, 1999, at S.M.'s home, during which S.Y., a child under the age of fifteen, accused Thill of inappropriate touching. A trial was set for January 2000. Before the trial began, Thill fled the jurisdiction of the court and did not return until December 2002.

[¶ 3] In September 2003, Thill moved for dismissal of the case based on the destruction of videotapes and physical evidence by the Mandan Police Department in January 2002. The trial court denied the motion, finding no evidence of misconduct or intentional destruction of evidence by the police and finding the lost evidence would not be exculpatory even if it were available to Thill. The trial was rescheduled for November 2003.

[¶ 4] During a trial break, a jury member was in the hallway when S.M. made a statement about Thill's past improper conduct. Thill moved for a mistrial. When the trial court asked the juror if she heard anything being discussed in the hallway, the juror repeatedly stated she was not paying attention and did not hear what was said. After informing the juror she could only consider what was presented in the court room, the trial court denied Thill's motion for a mistrial. The jury convicted Thill, and this appeal followed.

II

[¶ 5] On appeal, Thill argues the trial court erred when it denied his motion to dismiss. He argues the evidence was intentionally destroyed and would have been exculpatory to his case. The State argues the evidence was destroyed in error, and the destruction was partially a result of the delay in trial created by Thill's extended absence from the court's jurisdiction.

[¶ 6] We have outlined the standard of review for preliminary proceedings, such as a motion to dismiss, in criminal cases:

> We will not reverse a trial court's findings of fact in preliminary criminal proceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of

the evidence.... This deferential standard of review recognizes the importance of the opportunity of the trial court to observe and assess the credibility of witnesses.

*State v. Berger,* 2001 ND 44, ¶ 11, 623 N.W.2d 25 (citations omitted).

■ [¶ 7] A prosecutor's failure to preserve evidence that is material and favorable to a defendant may violate a defendant's constitutional right to due process and a fair trial. *State v. Steffes,* 500 N.W.2d 608, 612 (N.D.1993); N.D.R.Crim.P. 16(d)(2). In *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), the State failed to preserve clothing and semen samples for proper testing in a molestation case. *Id.* at 55, 109 S.Ct. 333. The United States Supreme Court noted, when the evidence is neither plainly exculpatory or inculpatory, the defendant must show the police acted in bad faith. *Id.* at 57–58, 109 S.Ct. 333. Unless a defendant can prove the State acted in bad faith, "failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58, 109 S.Ct. 333. We have defined bad faith:

> Bad faith, as used in cases involving destroyed evidence or statements, means that the state deliberately destroyed the evidence with the intent to deprive the defense of information; that is, that the evidence was destroyed by, or at the direction of, a state agent who intended to thwart the defense.

*Steffes,* 500 N.W.2d at 613.

[¶ 8] In *Steffes,* an officer taped over an audio tape of a field sobriety test because he assumed the case was "over and done with." *Id.* The Court noted that although his actions "could be termed reckless, intentional, negligent, or merely that of following or failing to follow regular police procedure," it did not meet the high evidentiary standard necessary to prove bad faith destruction of evidence. *Id.* at 613–14. The tape was erased under the belief the case was finished and the tape would no longer be needed, not to thwart the defense. *Id.* at 614. The Court found absent the State's bad faith, the case did not implicate the due process violation test. *Id.; see also State v. Barnett,* 543 N.W.2d 774, 777 (N.D.1996) (finding because "there was no bad faith, there was no federal due process violation").

[¶ 9] Thill argues the State acted in bad faith when it destroyed evidence of videotaped interviews. Thill does not offer any evidence showing the tapes were exculpatory or the State acted in bad faith. The trial court found the evidence was likely not exculpatory. The trial court heard evidence from the officer who destroyed the tapes and found no bad faith existed. The officer testified he was cleaning up the evidence room and, at the time, thought he had permission to destroy the tapes. The officer may have failed to follow regular police procedure by destroying the evidence without proper permission, but that action does not constitute bad faith. *See Steffes,* 500 N.W.2d at 613–14. Thill has not met the high evidentiary standard to prove the State acted in bad faith when the evidence was destroyed. The trial court's decision denying Thill's motion to dismiss is not contrary to the manifest weight of the evidence.

### III

■ [¶ 10] Thill argues the trial court erred when it failed to grant a mistrial after the jury member allegedly heard inadmissible statements about Thill's past improper conduct.

[¶ 11] We have stated:

> Generally, granting a mistrial is an extreme remedy which should be resort-

ed to only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice.

*State v. Klose*, 2003 ND 39, ¶ 14, 657 N.W.2d 276.

[¶ 12] Thill has not presented any evidence the juror actually heard the statement S.M. made or that the juror disregarded the trial court's cautionary instruction "your decisions have to be based strictly on sworn testimony that is given in the courtroom." Even if the juror had heard the statement, jurors are presumed to follow jury instructions and the trial court's statement would have removed any improper prejudice. *State v. Welch,* 426 N.W.2d 550, 553 (N.D.1988). Thill has failed to present any evidence the failure to grant a mistrial resulted in a manifest injustice. Accordingly, the trial court did not err in denying Thill's motion for a mistrial.

IV

[¶ 13] We affirm the judgment of conviction.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.