2005 ND 143

**City of BISMARCK, Plaintiff and Appellee**

v.

**Jenae Marie JUDKINS, Defendant and Appellant.**

**No. 20040370.**

Supreme Court of North Dakota.

July 25, 2005.

Paul H. Fraase, City Prosecutor, Bismarck, N.D., for plaintiff and appellee.

Thomas M. Tuntland, Mandan, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Jenae Judkins appealed from a judgment of conviction entered upon a jury verdict finding her guilty of driving while under the influence of alcohol. We affirm, concluding any error in admitting results of a blood alcohol test was harmless.

I

[¶ 2] In the early morning hours of June 5, 2004, Burleigh County Deputy Sheriff Jeffrey Ball noticed a vehicle traveling the wrong way on a one-way street in the city of Bismarck. Deputy Ball contacted the dispatch office and told them an older tan Pontiac was traveling the wrong way on Seventh Street. He asked them to contact Bismarck Police Officer Clint Fuller, whom Deputy Ball knew was in the area. Officer Fuller responded to the call, located the tan Pontiac, and eventually stopped the vehicle. Deputy Ball arrived and verified that the stopped vehicle, driven by Judkins, was the one he had observed traveling the wrong way on Seventh Street.

[¶ 3] Officer Fuller conducted a Horizontal Gaze Nystagmus test, a "walk and turn" test, and a "one-legged stand" test. Judkins failed these field sobriety tests, and Officer Fuller arrested her for driving under the influence. Judkins was trans-

ported to a hospital for a blood alcohol test. A subsequent analysis of Judkins's blood sample conducted by the State Toxicologist's office showed a blood alcohol content ("BAC") of .23 percent.

[¶ 4] Judkins was charged with driving under the influence of alcohol and driving with a blood alcohol content of .08 percent or greater. At Judkins's jury trial, the court admitted over objection the results of the blood test. The jury found Judkins guilty of driving under the influence of alcohol, but not of driving with a BAC of .08 percent or greater. A judgment of conviction was entered on the jury verdict, and Judkins appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 40–18–15.1. Judkins's appeal was timely under N.D.R.App.P. 4(b)(1)(A). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 27–28–06(2) and 29–01–12.

## II

[¶ 6] Judkins contends the admission of the blood test results without in-court testimony of the nurse who drew the blood sample and of the State Toxicologist, who certified the results of the blood test, violated her right to confront the witnesses against her under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The City contends admission of the blood test results did not violate the Confrontation Clause and, even if it did, any error in admitting the blood test results was harmless beyond a reasonable doubt. We need not reach the Confrontation Clause issue because we conclude, under the facts in this case, any error in admitting the blood test results was harmless beyond a reasonable doubt.

[¶ 7] In a criminal case, "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." N.D.R.Crim.P. 52(a). Even federal constitutional errors do not automatically require reversal if it is shown they were harmless, but before a federal constitutional error will be held harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt. *See, e.g., Clark v. State*, 2001 ND 9, ¶ 15, 621 N.W.2d 576; *State v. Syvertson*, 1999 ND 134, ¶ 38, 597 N.W.2d 652; *City of Mandan v. Baer*, 1998 ND 101, ¶ 10, 578 N.W.2d 559; *State v. Chihanski*, 540 N.W.2d 621, 623 (N.D. 1995); *see also State v. Klose*, 2003 ND 39, ¶ 32, 657 N.W.2d 276 ("a constitutional error may be found harmless beyond a reasonable doubt"). Before determining error is harmless beyond a reasonable doubt, the court must review the entire record and determine, in light of all of the evidence, the probable effect of the alleged error upon the defendant's rights. *Syvertson*, at ¶ 38; *Chihanski*, at 623–24; *State v. Kelley*, 450 N.W.2d 729, 732 (N.D.1990). A federal constitutional error may be declared harmless if the court is convinced that the error did not contribute to the verdict. *Syvertson*, at ¶ 38; *Chihanski*, at 621.

[¶ 8] From the record in this case, we are convinced the admission of the blood test results did not contribute to the verdict. The verdict form allowed the jury to find Judkins guilty of the general offense of driving under the influence, guilty of the per se violation of driving with a BAC of .08 percent or greater, guilty of both, or not guilty of either. The jury specifically found Judkins guilty of the general driving-under-the-influence offense, but not of driving with a BAC of .08 percent or greater. Upon receiving the verdict, the trial court specifically asked the presiding juror:

THE COURT: I interpret the verdict form to mean that the jury made a finding that the defendant was guilty of driving under the influence, but did not make the finding that she was guilty of driving with a blood alcohol concentration of in excess of .08. Am I reading that correctly?

The presiding juror responded, "Yes, that's correct." The jury was then polled at Judkins's request, and each juror responded that they agreed with the verdict as read.

[¶ 9] In addition, during deliberations the jury had sent a note to the trial court asking about the burden of proof for the blood test:

> Is the burden of proof on the prosecution to prove on the blood acohal [sic] test, (that the machine was accurate) so that the test is accurate?

After consulting with counsel, the trial court responded to the jury that the prosecution has the burden of proving the charged offense, and directed the jury to review the previously given instruction on chemical tests, which stated:

> In this case evidence of the concentration of alcohol in the defendant's blood was received in the form of the results of a chemical test.

> By admitting the results of a chemical test into evidence, the Court does not imply that the test administered was an accurate or reliable test of the defendant's blood alcohol concentration. The accuracy and reliability of the test is a question of fact which is left solely for your determination.

> You are not bound by the results of the chemical test. If you have a reasonable doubt as to the accuracy or reliability of the chemical test or the results, you must disregard it.

[¶ 10] It is clear that the jury in this case disregarded the blood test results. Jurors are presumed to follow the instructions given by the trial court. *E.g.*, *State v. Ramsey*, 2005 ND 42, ¶ 31, 692 N.W.2d 498; *State v. Thill*, 2005 ND 13, ¶ 12, 691 N.W.2d 230. The jury in this case specifically found Judkins guilty of driving under the influence of alcohol, but also found she was not guilty of driving with a BAC greater than .08 percent.

[¶ 11] There was ample evidence other than the test results from which the jury could find Judkins was driving under the influence. The officers testified Judkins was driving the wrong way on a one-way street at approximately 5:00 a.m.; she smelled of alcohol; she failed numerous field sobriety tests; she had poor balance; she was confused and had gotten lost on her way home; her makeup was smeared and her hair was unkempt; and, she became angry and belligerent when arrested. On this record, it is clear that the jury disregarded the blood test results and instead found Judkins guilty of the general driving-under-the-influence violation on the basis of other evidence. We are convinced that admission of the blood test results did not contribute to the verdict, and therefore any error in admitting the results was harmless beyond a reasonable doubt.

[¶ 12] The judgment of conviction is affirmed.

[¶ 13] DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

[¶ 14] The Honorable DANIEL J. CROTHERS did not participate in this decision.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 15] The majority avoids, for the moment, the encounter of N.D.C.C.1 § 39–

20–07 with the recent decision of the United States Supreme Court in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and the confrontation clause of the Sixth Amendment to the Constitution of the United States made applicable to the States under *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

[¶ 16]   I am skeptical of the harmless-error analysis involving the admission of evidence which should not be admitted or the exclusion of evidence which should be admitted because whether certain evidence had or would have any influence with the jury is conjectural, *see State v.Entze,* 272 N.W.2d 292, 298 (N.D.1978) (VandeWalle, J., concurring and dissenting).   However, in this instance I am convinced that the question from the jury during deliberations, the failure of the jury to convict on the per se offense of driving under the influence of alcohol while convicting on the general charge of driving under the influence of alcohol, the judge's specific questions to the jury when it returned its verdict and the overwhelming evidence supporting the conviction on the general charge leads us to this result. Although I cannot say the admission of the blood test was disregarded by the jury it obviously was not the deciding factor in the jury's verdict.

[¶ 17]   I concur in the result reached by the majority opinion.

[¶ 18] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, J., concur.