2005 ND 167

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Paul R. FRANKFURTH, Defendant and Appellee.**

**No. 20050112.**

Supreme Court of North Dakota.

Sept. 27, 2005.

Cynthia M. Feland, Assistant State's Attorney, Burleigh County Courthouse, Bismarck, N.D., for plaintiff and appellant.

Thomas M. Tuntland, Mandan, N.D., for defendant and appellee.

CROTHERS, Justice.

[¶ 1] The State appeals from the district court's order arresting judgment and subsequent orders granting reconsideration and clarification pertaining to Paul R. Frankfurth's conviction for gross sexual imposition. We affirm.

I

[¶ 2] Frankfurth was arraigned on March 24, 2004, under an information purporting to charge him with gross sexual imposition under N.D.C.C. § 12.1–20–03. The information alleged, "The defendant engaged in a sexual act at a time when the victim was unaware that a sexual act was being committed on her." On December 3, 2004, a jury trial was held, returning a guilty verdict.

[¶ 3] Frankfurth timely moved for arrest of judgment prior to sentencing, asserting the information lacked an essential element of the offense and, thus, failed to charge a crime. Frankfurth argued the information lacked a specific allegation that he had knowledge of his victim's un-

awareness that a sexual act was being perpetrated on her. *See* N.D.C.C. § 12.1–20–03(1)(c) (gross sexual imposition is committed if "a person . . . engages in a sexual act with another . . . [and] *he knows* that the victim is unaware that a sexual act is being committed upon him or her." (Emphasis added.)).

[¶ 4] The district court granted the motion, dismissing the charges with prejudice. Dismissal was amended to be without prejudice following motions made by the State for reconsideration and clarification; however, the district court would not reinstate the jury verdict.

II

[¶ 5] The State argues the information was not defective because it properly notified Frankfurth of the charges against him and any missing elements could be implied from the face of the information.

[¶ 6] This Court has stated technical defects in an information are not fatal to its validity. *City of Grand Forks v. Mata*, 517 N.W.2d 626, 628 (N.D.1994); *City of Wahpeton v. Desjarlais*, 458 N.W.2d 330, 333 (N.D.1990). Furthermore, Sixth Amendment notice requirements are satisfied, provided a criminal information is sufficiently specific to provide the defendant with notice of the pending charges and to enable the defendant to prepare a defense. *Mata*, 517 N.W.2d at 628. The State reasons the language used, plus the inclusion of the citation for the statute violated, constituted sufficient and appropriate notice to the defendant. We disagree.

[¶ 7] An information must contain a "written statement of the essential elements of the offense." *State v. Gwyther*, 1999 ND 15, ¶ 15, 589 N.W.2d 575 (quoting *Mata*, 517 N.W.2d at 628 and *Desjarlais*,

458 N.W.2d at 333); N.D.R.Crim.P. 7(c) (an information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged"). North Dakota has legislatively established the term "element of an offense" to mean:

a. The forbidden conduct;

b. The attendant circumstances specified in the definition and grading of the offense;

c. The required culpability;

d. Any required result; and

e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue.

N.D.C.C. § 12.1–01–03(1).

[¶ 8] This Court has held that the culpability element may be implied in some circumstances. *State v. Hendrick,* 164 N.W.2d 57, 63 (N.D.1969). In *Hendrick,* we inferred the element of "intent to escape therefrom" from the word "escape" on a criminal information. *Id.* However, in *State v. Mutschler,* 55 N.D. 120, 212 N.W. 832, 833 (N.D.1927), the phrase "willfully, unlawfully, and feloniously set fire to and burn" was not interpreted to charge the essential element of "malice."

[¶ 9] Here, the State argues the words "engaged" and "committed" as used in the information imply intentional, rather than accidental, conduct. The State's conclusion may very well be correct and, if only pertained to culpability, might be consistent with our holding in *Hendrick,* 164 N.W.2d at 63. However, the State fails to explain how this inference supplies the necessary element of the defendant's knowledge that the victim was unaware a sexual act was being committed upon her. Even the most liberal interpretation of the information fails to lead this Court to the conclusion that the defendant's knowledge

of the victim's unawareness can be inferred from the face of the information.

[¶ 10] We conclude Frankfurth's knowledge of the victim's unawareness was an essential element of the offense charged and could not be inferred. Because it was missing from the information, the criminal information was defective.

### III

[¶ 11] The State argues Frankfurth improperly moved for arrest of judgment; therefore, such an Order was improper because Frankfurth's motion was neither timely nor based on adequate grounds.

[¶ 12] The State first claims Frankfurth waived his objection to the information when he failed to seek pretrial relief. Rule 12(b), N.D.R.Crim.P., requires certain motions be made before trial, or they are waived. *See State v. Neset,* 462 N.W.2d 175, 176–77 (N.D.1990). Specifically, the following must be raised pretrial: "Defenses and objections based on defects in the indictment, information, or complaint other than that it fails to show jurisdiction in the court or to charge an offense, which objections must be noticed by the court at any time during the pendency of the proceeding." N.D.R.Crim.P. 12(b)(2).

[¶ 13] Either of the grounds excepted from the Rule 12(b) pretrial filing requirement—the failure to show jurisdiction or failure to charge an offense—form a basis under Rule 34, N.D.R.Crim.P., for a posttrial motion to arrest judgment. Therefore, Rule 34 is consistent with Rule 12, allowing motions for arrest of judgment to be filed within seven days of a verdict or finding of guilty.

[¶ 14] Frankfurth argues adequate grounds existed for arrest of judgment because Rule 34, N.D.R.Crim.P., requires a court to arrest judgment if the

information does not charge an offense or if the court did not have jurisdiction over the offense. Frankfurth argues both conditions were present in this case.

[¶ 15] Frankfurth claims the defective information prevented the district court from acquiring jurisdiction over him. Frankfurth's argument that jurisdiction did not exist over his person or the crime charged is largely based on the holding in *People v. Mack*, 24 Ill.App.3d 455, 321 N.E.2d 446, 449 (1974). In *Mack*, a missing intent element in an information purporting to charge the defendant with attempted rape was deemed a flaw depriving the trial court of jurisdiction. *Id.* That holding, however, appears to be a throwback to the "somewhat expansive notion of 'jurisdiction' which was 'more a fiction than anything else.'" *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (internal citations omitted).

[¶ 16] In *Cotton*, the United States Supreme Court reinstated a conviction following dismissal by the Fourth Circuit Court of Appeals based on the thought that a defect in an indictment deprived the court of jurisdiction. 535 U.S. at 628–29, 122 S.Ct. 1781. Explaining the flaws of the precedent relied on, the Court explained:

> [Earlier precedent's] elastic concept of jurisdiction is not what the term "jurisdiction" means today, i.e., "the courts' statutory or constitutional *power* to adjudicate a case." This latter concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.... [D]efects in [a charging instrument] do not deprive a court of its power to adjudicate a case.

*Id.* at 630, 122 S.Ct. 1781 (emphasis in original) (internal citations omitted).

[¶ 17] *Cotton* is consistent with our holding in *Reichert v. Turner*, 62 N.D. 152, 242 N.W. 308 (N.D.1932), where we held jurisdiction is not lost because of errors in an information if jurisdiction exists over the crime intended to be charged. Therefore, we conclude the district court had jurisdiction over Frankfurth and this matter, notwithstanding the defective information.

[¶ 18] Frankfurth argues in the alternative that even if jurisdiction existed, the criminal information failed to charge an offense. We concluded above the information was lacking essential elements and was therefore defective. These defects failed to charge Frankfurth with the offense of gross sexual imposition or, in fact, any crime cognizable under the laws of North Dakota.

[¶ 19] Because failure to charge an offense is a valid ground for arrest of judgment under Rule 34, N.D.R.Crim.P., and Frankfurth's Rule 34 motion was timely made, the State's Rule 12 argument is rejected.

## IV

[¶ 20] The State further argues dismissal of the information was an inappropriate remedy, despite its defects. The State rests its contention on the inapplicability of the Fifth Amendment's indictment clause to the states and the district court's failure to conduct a harmless/obvious error analysis under N.D.R.Crim.P. 52.

[¶ 21] At the outset, judicial decisions uniformly hold that the right to indictment by a grand jury under the Fifth Amendment to the United States Constitution is not applicable to state court proceedings. 38 Am.Jur.2d *Grand Jury* § 2 (2004); *see, e.g., Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). We have not been provided with a contrary argu-

ment and, therefore, decline to hold otherwise.

[¶ 22] Rule 52, N.D.R.Crim.P., allows appellate court review of obvious errors or defects affecting substantial rights, regardless of whether they were brought to the trial court's attention. Harmless errors, however, are to be disregarded. *Id.*

 [¶ 23] The Court in *Cotton* analyzed the federal counterpart to N.D.R.Crim.P. 52[1] and stated that in order for an error to be noticed and corrected by an appellate court, a four-prong error test must be satisfied. *Cotton*, 535 U.S. at 631, 122 S.Ct. 1781. The test requires (1) error, (2) that is plain, which (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or reputation of judicial proceedings. *Id.* To affect the "substantial rights" of a defendant, an obvious error must have been prejudicial or have affected the outcome of the proceedings. *State v. Krull*, 2005 ND 63, ¶ 6, 693 N.W.2d 631.

[¶ 24] The State claims dismissal was improper because Frankfurth's substantial rights were not affected by the defective information. The State cites as support the fact that the jury convicted Frankfurth after being properly instructed on all essential elements of the offense. Thus, even though the information did not contain the words "he knows," any error was harmless. The State argues Frankfurth knew the crime he was charged with committing, he was tried on that charge, and the jury received the proper law on the charge, including all essential elements.

██ [¶ 25] A defective information cannot be "cured" through proper jury instruction or other means short of amendment. *See United States v. Denmon*, 483

F.2d 1093, 1095 (8th Cir.1973); *State v. Howell*, 226 Kan. 511, 601 P.2d 1141, 1143–44 (1979). Moreover, the State does not direct us to any cases involving a state's appeal from an order arresting judgment in which this or any Court conducted a Rule 52 analysis, and we have found none.

[¶ 26] Rule 12(b), N.D.R.Crim.P., allows, and Rule 34, N.D.R.Crim.P., requires arrest of judgment when no offense is charged. Here, Frankfurth's motion was timely made and was granted by the district court. A Rule 52 analysis was not required and will not be imposed by this Court as it would be tantamount to a repeal of N.D.R.Crim.P. 34.

## V

 [¶ 27] Frankfurth's various arguments on appeal implicitly raise a question about the status of the charge against him if the district court's decision is affirmed. Although not central to this appeal, we address issues that may reasonably arise upon retrial and subsequent proceedings in the district court. *Olmstead v. Miller*, 383 N.W.2d 817, 823 (N.D. 1986).

[¶ 28] Upon arrest of judgment, Frankfurth was placed in the same position he would have been had no crime been charged because, in fact, no crime had been charged. The effect of an order arresting judgment is "to place the defendant in the same situation in which he was before the information was filed." N.D.C.C. § 29–25–05. Therefore, Frankfurth may be reprosecuted under a new information as if there had been no prior proceedings. *Montana v. Hall*, 481 U.S. 400, 404, 107 S.Ct. 1825, 95 L.Ed.2d 354

---

**1.** N.D.R.Crim.P. 52 differs from F.R.Crim.P. 52 only in its substitution of the word "obvi-

ous" for "plain."

(1987); 21 Am.Jur.2d *Criminal Law* § 419 (2004).

[¶ 29] The orders of the district court are affirmed.

[¶ 30] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and MARY MUEHLEN MARING, JJ., concur.

KAPSNER, Justice, concurring.

[¶ 31] I agree with the conclusion that the district court did not err when it arrested judgment. For the crime of gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(c), "knowing" the victim was unaware of the sexual act is an element of an offense as defined by our legislature. N.D.C.C. § 12.1–01–03(1)(c). Under N.D.R.Crim.P. 7(c), this element must be in the information. Failure to charge an offense is a basis for an arrest of judgment under N.D.R.Crim.P. 34. I write separately to note my belief that this decision should not preclude district courts from analyzing the failure to include an essential element in an information under harmless error. N.D.R.Crim.P. 52(a).

[¶ 32] Under a harmless error analysis, the failure to include the phrase "he knows" in an information may, when the entire record is examined, be harmless. N.D.R.Crim.P. 52(a) provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." In this case, if the district court had applied a harmless error analysis, the failure to include the knowing requirement in the information may very well have been determined not to affect the substantial rights of Frankfurth. The jury instructions included the requirement that Frankfurth must have known the victim was unaware of the sexual act. Based on proper jury instructions that recognized all of the essential elements of the crime, a unanimous jury returned a verdict that Frankfurth was guilty. Furthermore, the statute was referenced in the information and thus Frankfurth had notice of the crime for which he was charged. There is no evidence on the record that Frankfurth relied on the insufficient information to his detriment. To the contrary, it is apparent from the record and the oral argument before this Court that Frankfurth was aware of the error in the information and was not prejudiced by the error.

[¶ 33] The information could have been amended up until the time the verdict was rendered. N.D.R.Crim.P. 7(e). Although he was not required by N.D.R.Crim.P. 12 to raise the issue of a defective information, Frankfurth did not raise it until after the jury found him guilty and the prosecution made no motion to amend the information. Still, Frankfurth wins the right to a retrial of his case because of a prosecutorial mistake.

[¶ 34] This is precisely the type of issue N.D.R.Crim.P. 52(a) was meant to address. The harmless error doctrine "recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, and promotes public respect for the criminal process by focusing on the underlying fairness of the trial." *Neder v. United States*, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

[¶ 35] Our case law recognizes that even "constitutional errors do not automatically require reversal if it is shown they were harmless." *City of Bismarck v. Judkins*, 2005 ND 143, ¶ 7, 701 N.W.2d 911. Harmless error analysis is already used for a broad range of issues. *See, e.g., Clark v. State*, 2001 ND 9, ¶ 16, 621 N.W.2d 576 (imposing an enhanced sentence without having a jury find the predicate facts supporting the enhanced sentence was harmless error); *State v. Syvertson*, 1999 ND 134, ¶¶ 37–38, 597

N.W.2d 652 (violating the right against self-incrimination was subject to harmless error); *State v. Sheldon*, 301 N.W.2d 604, 613 (N.D.1980) (failing to give proper jury instructions was harmless error). Why should the adequacy of a criminal information be analyzed any differently? "If the harmless error doctrine is to be applied to a constitutional error, then it should be applied fairly and across the board to any constitutional error amenable to a harmless error analysis." *State v. Guzman*, 119 Wash.App. 176, 79 P.3d 990, 996 (2003) (Sweeney, J., concurring) (arguing that harmless error analysis should be used for a defective information where proper jury instructions existed).

[¶ 36] There are, of course, certain errors that cannot be considered harmless. But such errors "infect the entire trial process" and "necessarily render [the whole] trial fundamentally unfair." *Neder*, 527 U.S. at 8, 119 S.Ct. 1827. In *State v. Harmon*, 1997 ND 233, ¶ 16, 575 N.W.2d 635, for example, we said the violation of Sixth Amendment right to effective assistance of counsel "can never be treated as harmless error." Drafting an insufficient charging document would not be harmless error under N.D.R.Crim.P. 52(a) if the defendant relied on the document to his detriment or was otherwise prejudiced.

[¶ 37] Paragraph 25 of the majority opinion cites to two cases that apparently stand for the proposition that a defective information cannot be "cured" through proper jury instructions. *See supra* at ¶ 25 (citing *United States v. Denmon*, 483 F.2d 1093, 1095 (8th Cir.1973); *State v. Howell*, 226 Kan. 511, 601 P.2d 1141, 1143–44 (1979)). But neither case, nor any case cited by the majority, precludes the use of harmless error analysis. Comparable errors in the indictment in the federal system are subjected to a Fed.R.Crim.P. 52 analysis. *See, e.g., United States v. Cot-*

*ton*, 535 U.S. 625, 629, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (applying a Fed. R.Crim.P. 52 analysis and concluding an omission in a federal indictment of a fact that enhanced the statutory maximum sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not require reversal because the evidence was overwhelming); *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir.2001) (en banc) (holding the "failure of an indictment to allege an essential element of a crime does not deprive a district court of subject matter jurisdiction; rather, such failure is subject to harmless error review").

[¶ 38] As we have stated, the primary purpose of the complaint or information is to inform the accused of the charges against him to enable him to prepare for trial. *City of West Fargo v. Hawkins*, 2000 ND 168, ¶ 8, 616 N.W.2d 856. There is nothing in this record to suggest that Frankfurth was not adequately informed of the crime charged or that he was not prepared for trial. Because of this, a retrial is an inefficient and ineffective use of judicial resources and provides incentives for defendants to withhold raising a defective information until after a verdict is entered. "Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it." *Neder*, 527 U.S. at 18, 119 S.Ct. 1827 (citing Roger J. Traynor, *The Riddle of Harmless Error* 50 (1970)).

[¶ 39] If the district court had subjected the error in the charging document to a N.D.R.Crim.P. 52(a) analysis and found that the error did not affect the substantial rights of the defendant, I am convinced on the record we have that such a decision could be affirmed. However, the district court applied a strict interpretation of

N.D.R.Crim.P. 34 and it was not error to do so.

[¶ 40] Carol Ronning Kapsner