2006 ND 225

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Shane JUST, Defendant and Appellant.**

**No. 20060146.**

Supreme Court of North Dakota.

Nov. 7, 2006.

James O. Johnson, State's Attorney, Stanton, ND, for plaintiff and appellee.

Thomas M. Tuntland, Mandan, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Shane Just appeals from an order denying his motion to arrest judgment under *N.D.R.Crim.P. 34.*  We affirm.

I

[¶ 2]   Shane Just was tried and convicted by a jury of twelve counts of surreptitious intrusion.  The complaint alleged Just had hidden a video camera in the bathroom/laundry room of his home and had secretly recorded several females changing their clothes.  The charging language mirrored most of the statutory language for surreptitious intrusion.  However, it failed to allege the recording device was used "through the window or other

aperture of ... [a] place where a reasonable individual would have an expectation of privacy...." Instead, the complaint omitted the "window or other aperture" phrase, alleging Just had surreptitiously installed the device "in a place where a reasonable individual would have an expectation of privacy...."

[¶ 3] Before trial, Just submitted his requested jury instructions to the district court, which provided a more exacting definition of surreptitious intrusion. Just argued that the "window or other aperture" phrase was an essential element of the offense and requested the jury instructions include the omitted phrase. The court agreed and instructed the jury as Just requested. The State did not amend the complaint to include the "window or other aperture" phrase after the court ruled on Just's objection to the proposed jury instructions. Just was tried to a jury, where he argued the State had failed to prove the conduct occurred through a "window or other aperture." The jury returned a guilty verdict on all twelve counts.

[¶ 4] After the verdict, Just filed a motion to arrest judgment under *N.D.R.Crim.P. 34* and N.D.C.C. § 12.1–20–12.2. The district court denied Just's motion, reasoning that the "window or other aperture" phrase was not an essential element of surreptitious intrusion, and even if it was, its omission from the complaint was harmless error.

## II

[¶ 5] Just was convicted of twelve counts of surreptitious intrusion under N.D.C.C. § 12.1–20–12.2(1)(d), which provides:

1. An individual, with the intent to arouse, appeal to, or gratify that individual's lust, passions, or sexual desires, is guilty of a class A misdemeanor if that individual does any of the following:

....

d. With intent to intrude upon or interfere with the privacy of the occupant, surreptitiously installs or uses any device for observing, photographing, recording, amplifying, or broadcasting sounds or events through the window or other aperture of a tanning booth, a sleeping room in a hotel, or other place where a reasonable individual would have an expectation of privacy and has exposed or is likely to expose that individual's intimate parts or has removed the clothing covering the immediate area of the intimate parts.

On appeal, Just argues the "through the window or other aperture" phrase constitutes an essential element of surreptitious intrusion. He argues the court erred when it refused to arrest judgment under *N.D.R.Crim.P. 34* because the complaint did not specifically allege the recording was made "through the window or other aperture" and therefore did not charge an offense. We conclude that even if the trial court erred in holding the phrase was not an essential element, the error was harmless under *N.D.R.Crim.P. 52(a)*. As such, we decline to answer Just's questions that are not dispositive or necessary to the determination of this appeal. *State v. Manning*, 2006 ND 125, ¶ 10, 716 N.W.2d 466; *State v. Foley*, 2000 ND 91, ¶ 12, 610 N.W.2d 49.

## III

[¶ 6] The dispositive issue in this case is whether, even if the court erred in holding the "window or other aperture" phrase was not an essential element necessary for the validity of the complaint, the error was harmless under *N.D.R.Crim.P. 52(a)*. The order denying Just's *Rule 34* motion analyzed whether the omission of the phrase was harmless error under

*N.D.R.Crim.P. 52(a)*. In addition, on appeal the State argued any claimed error was harmless; however, Just failed to address this issue in his brief to this Court.

[¶ 7] *Rule 52(a), N.D.R.Crim.P.* provides: "[a]ny error, defect, irregularity or variance that does not affect substantial rights must be disregarded." An error "affect[ing] substantial rights" generally means an error that is prejudicial to the defendant and must affect the outcome of the district court proceeding. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (discussing Fed.R.Crim.P. 52(a), the federal counterpart to *N.D.R.Crim.P. 52(a)*). The harmless error doctrine "recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, . . . and promotes public respect for the criminal process by focusing on the underlying fairness of the trial." *State v. Bertram*, 2006 ND 10, ¶ 31, 708 N.W.2d 913 (internal quotations omitted). It also prevents "setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial." *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) and *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Even constitutional errors do not automatically require reversal if it is shown they were harmless. *Bertram*, at ¶ 31; *City of Bismarck v. Judkins*, 2005 ND 143, ¶ 7, 701 N.W.2d 911.

[¶ 8] The purpose of a complaint or information is to inform the accused of the charges against him to enable him to prepare for trial. *City of West Fargo v. Hawkins*, 2000 ND 168, ¶ 8, 616 N.W.2d 856. On this record, there is nothing to suggest Just was not informed of the crime charged or that he was unprepared for trial. To the contrary, Just's trial conduct shows he was fully aware of the "window or other aperture" phrase. At the specific request of Just, the jury instructions included the "window or other aperture" phrase and Just was allowed to argue the State failed to prove the conduct occurred through a window or aperture. Still, the jury returned guilty verdicts on twelve counts of surreptitious intrusion. The effect of arresting judgment under *N.D.R.Crim.P. 34* is " 'to place the defendant in the same situation in which he was before the information was filed.' " *State v. Frankfurth*, 2005 ND 167, ¶ 28, 704 N.W.2d 564 (quoting N.D.C.C. § 29–25–05). An individual may be reprosecuted under a new information as if there had been no prior proceedings. *Id.* (citing *Montana v. Hall*, 481 U.S. 400, 404, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987)). The State could amend the complaint to contain the "window or other aperture" phrase and retry Just. As demonstrated by the jury verdict reached after consideration of the phrase omitted from the complaint, a retrial following an amended complaint would not change the result. The error is, therefore, harmless.

[¶ 9] The instant case is similar to the facts presented in *Bertram*. There, the defendant appealed a district court judgment entered upon jury verdicts finding him guilty of violating a disorderly conduct restraining order, criminal trespass, and contact by bodily fluids. *Bertram*, 2006 ND 10, ¶ 1, 708 N.W.2d 913. Bertram argued the information was insufficient with respect to the bodily fluids charge at the trial court because the information failed to allege every essential element of the offense. *Id.* at ¶ 21. He claimed, "the information was facially deficient and his conviction must be reversed." *Id.* The State had failed to include a statutorily defined exception to the statute prohibiting

contact with bodily fluids. *Id.* In analyzing Bertram's claim, we applied a harmless error analysis. *Id.* at ¶¶ 29–32. We stated "[i]n the absence of any evidence that [Bertram] relied on the information to his detriment or was otherwise prejudiced, we conclude the error ..., the drafting of an insufficient charging document, is subject to a harmless error analysis." *Id.* at ¶ 32.

[¶ 10] In this case, as in *Bertram*, Just raised the issue of an insufficient charging document with the district court. Just objected to the jury instructions, claiming the "window or other aperture" phrase was an essential element of the offense. After discussing it with counsel, the court agreed the phrase was an essential element and instructed the jury accordingly. In closing arguments, Just's counsel argued the State failed to prove that the conduct occurred through a window or aperture. Despite Just's arguments and the jury instructions, the jury convicted Just on twelve counts of surreptitious intrusion under N.D.C.C. § 12.1–20–12.2(1)(d).

[¶ 11] Just was aware of the statutory elements, he was afforded an adequate opportunity to prepare for trial, the court properly instructed the jury on the law, and Just was allowed to argue the State failed to prove the "window or other aperture" element in his closing arguments. Therefore, even if the phrase is an essential element, a decision we need not make, the failure to allege it in the charging document was harmless under *N.D.R.Crim.P. 52(a)*.

## IV

[¶ 12] The district court's order denying Just's motion to arrest judgment under *N.D.R.Crim.P. 34* is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.